IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBERT E. HILL, and PATRICIA L. HILL, Plaintiffs, | ) ) ) ) |
| vs. | ) Case No. 2:06CV218-D ) |
| STATE FARM FIRE AND CASUALTY COMPANY, MIKE DEVERS, et al., Defendants. | ) ) ) ) ) |

RECEIVED 2006 MAR -7 P 4:22
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

## NOTICE OF REMOVAL

COME NOW Defendants, State Farm Fire and Casualty Company (hereinafter "State Farm Fire") and Mike Devers (hereinafter "Devers"), and give notice of removal of the above-styled action from the Circuit Court of Montgomery County, Alabama, to the United States District Court for the Middle District of Alabama, Northern Division. As grounds for the removal of this action, Defendants aver the following:

1.   Upon information and belief Plaintiffs Robert and Patricia Hill are both citizens of the State of Alabama residing in Montgomery County, Alabama. (See Complaint, attached hereto as exhibit "A" ¶ 1).

2.   Defendant State Farm Fire and Casualty Company is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in the State of Illinois. Defendant State Farm Fire is a citizen of the State of Illinois.

3.   Defendant Mike Devers is a citizen of the State of Alabama residing in Elmore County, Alabama. Defendants, however, contend that Devers has been fraudulently joined to this action.

4.     The Complaint filed by Plaintiffs alleges claims for breach of contract, bad faith, fraud, and negligent and wanton failure to procure proceeds. Plaintiffs have alleged mental anguish and asked for compensatory and punitive damages and the costs and expenses incurred.

5.     Defendant Devers filed a Motion to Dismiss as to counts I, II, IV which was granted. The only remaining count alleged against Defendant Devers is for fraud. (Affidavit of Michael B. Beers, attached hereto as Exhibit "C.")

6.     Defendants filed a Motion to Plead Count III with particularity. On January 28, 2006, Plaintiffs filed an Amended Complaint clarifying their claims against Defendant Devers thereby providing the first indication to Defendants as to the basis for Plaintiffs' fraud claim. Based thereon, Plaintiffs' claim against Devers is due to be dismissed. Defendants have filed contemporaneously with this Notice of Removal, a Motion to Dismiss filed by Defendant Devers for failure to state a claim pursuant to FED.R.CIV.P.12(b)(6). Defendant Devers should be dismissed as a matter of law, therefore maintaining the requirement of diversity of citizenship pursuant to 28 U.S.C. § 1441. The Eleventh Circuit has recognized that a defendant has been fraudulently joined if there is no possibility the plaintiff can prove any cause of action against the resident under prevailing law. *Cabalecta v. Standard Fruit Co.*, 883 F. 2d 1553, 1556 (11th Cir. 1989); *Insigna v. LaBella*, 845 F. 2d 249, 254 (11th Cir. 1989). The determination of whether the resident defendant has been fraudulently joined is made based upon the plaintiff's pleadings at the time of removal. *Id.*; see also *Pullman Co. v. Jenkins*, 305 U.S. 534 537; 59 S.Ct. 347, 359; 83 L.Ed. 334 (1939). The District Court is required to consider submitted affidavits and other evidence to determine whether fraudulent joinder has occurred and removal is proper. *Legg v. Wyeth*, 2005 WL 2756717 (11th Cir. (Ala)).

7. Plaintiffs' Complaint made allegations against Devers and State Farm as well as fictitious defendants as to every count. However, there were no facts pled with regard to Plaintiffs' fraud claim.

8. On January 28, 2006, upon Court Order, Plaintiffs filed an Amended Complaint setting out for the first time their allegations regarding Devers' liability for fraud. Plaintiffs' Amended Complaint states, "Upon the Plaintiffs making contact with Defendant Devers so as to purchase a homeowners policy, it was represented to them by and through that agency the policy they were purchasing would cover their home in the event of, for example, hail and wind damage." **Plaintiffs** further **admit** in their own Amended Complaint that they received an insurance policy setting out the very terms they claim Devers represented would be covered. (Amended Complaint, attached hereto as Exhibit "B," ¶ 33). By Plaintiffs' own admission, there was no misrepresentation. Devers procured the very policy with the very coverage provisions he represented he would provide. Devers had no responsibility for claims handling or payment of claims. With no misrepresentation, there is no fraud. Hence, Devers is due to be dismissed.

9. This action is subject to removal on the basis of diversity of citizenship in that Plaintiffs were and are residents and citizens of the State of Alabama and Defendant State Farm Fire and Casualty Company is a corporation with its principal place of business in the State of Illinois.

10. Defendants maintain that removal of the action initiated by the Plaintiffs is justified. This is a separate and independent claim which would be removable on its own right. See *Motor Vehicle Cas. Co. v. Russian River County Sanitation Dist.*, 538 F. Supp. 488 (D.C. Cal. 1981). The action being removed is removable due to diversity based on 28 U.S.C. § 1441 (a).

11.     In addition to diversity of citizenship among the real and proper parties to this cause, this Court has jurisdiction under 28 U.S.C. § 1332, and removal is proper pursuant to 28 U.S.C. § 1441, in that there is a sufficient basis that the jurisdictional amount in controversy could possibly be met. In their Complaint, Plaintiffs seek an undetermined amount in damages, however, the Complaint alleges Plaintiffs' paid $7660 to re-roof their home and further that Plaintiffs' suffered mental anguish, physical anguish, property damage, annoyance and inconvenience. As Plaintiffs seek both compensatory and punitive damages, the amount in controversy exceeds $75,000.

12.     In *De Aguilar v. Boeing Co.*, 11 F. 3d 55 (5th Cir. 1993), the court held that "[when the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a **preponderance of the evidence** that the amount in controversy exceeds $50,000 [$75,000]. *Id.* at 58 (emphasis added) (citations omitted). In determining whether the requisite amount in controversy exists to support federal jurisdiction, it is well settled that "the defendant bears the burden, **albeit the light burden**, of showing that the required amount is in controversy. To do so, defendants must show only that it **does not** appear to a legal certainty that the claim is for less than the jurisdictional amount." *Locklear v. State Farm Mut. Automobile Ins. Co.*, 742 F. Supp. 679, 680 (S.D. Ga. 1989) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938)) (emphasis added), 5 F. 3d 81, 84 (5th Cir. 1993). This analysis comports with the preponderance of evidence standard put forth in *De Agilar, supra*.

13.     This Notice of Removal is filed with this Court within 30 days of service of process of the Amended Complaint on this Defendant and within 1 year of the filing of the original Complaint. 28 U.S.C. §1446(b) which governs removal actions states:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, , order or other paper from which it may be first ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 years after commencement of the action.

28 U.S.C. §1446(b).

14. Defendants were unable to form a good faith belief as to whether this action removable prior to receiving Plaintiffs' amended complaint. Plaintiffs' complaint provided no notice as to the basis for Plaintiffs' allegations of fraud against Devers. Now that Defendants have a more clear indication of the fraud alleged, Defendants are, for the first time, in a position to ascertain that this case is in fact removable because Devers has been fraudulently joined and is due to be dismissed from the one remaining count against him.

15. This Court has original jurisdiction of the above-entitled action pursuant to 28 U.S.C. § 1332, and since Defendant State Farm Fire is not a resident citizen of the State of Alabama, wherein the above-entitled action is pending, removal of this action to this Court is proper pursuant to 28 U.S.C. § 1441(c).

16. All Defendants have consented to and join in this removal as required by 28 U.S.C. § 1446(b) .

17. Notice of the Defendants' removal of the above-styled action has been given to the Clerk of the Circuit Court of Montgomery County, Alabama, and to the Plaintiffs, as required by 28 U.S.C. § 1446(d), a copy of which is attached hereto as Exhibit "D".

18. Defendants have attached to this Notice of Removal all records and proceedings related to the pleadings in the Montgomery County Circuit Court, copies of which are attached hereto collectively as Exhibit "E".

WHEREFORE, Defendants have removed this action from the Circuit Court of Montgomery County, Alabama, to the United States District Court for the Middle District of Alabama, Northern Division.

_____
MICHEAL S. JACKSON [JACKM8173]
MICHAEL B. BEERS [BEERM4992]
Attorneys for Defendants State Farm Fire and Casualty Company and Mike Devers

OF COUNSEL:

BEERS, ANDERSON, JACKSON,
 PATTY, & VAN HEEST, P.C.
Post Office Box 1988
Montgomery, Alabama  36102-1988
(334) 834-5311
(334) 834-5362 fax

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing NOTICE OF REMOVAL has been served upon all parties to this action by depositing a copy of same in the U.S. Mail, postage prepaid, addressed as follows:

Clifford W. Cleveland, II, Esq.
CLEVELAND & COLLEY, P.C.
Post Office Box 680689
Prattville, Alabama 36068

on this the 7th day of March, 2006.

_____
OF COUNSEL