| | | |
|---|---|---|
| ROBERT E. HILL<br>and PATRICIA L. HILL,<br><br>    Plaintiffs,<br><br>vs.<br><br>STATE FARM FIRE AND CASUALTY COMPANY, MIKE DEVERS,<br>and Fictitious Defendants A, B, and C, whether singular or plural, those persons, firms or corporations who or which negligently, wantonly, willfully and/or fraudulently concealed, suppressed or failed to inform or otherwise make aware to Plaintiffs that Plaintiffs had purchased an insurance policy that would or may not cover those damages, injuries and/or incidents which form the basis of this lawsuit as was represented to the Plaintiffs; Fictitious Defendants D, E, and F, whether singular or plural, those persons, firms or corporations who or which participated in or otherwise did actively or passively aid or abet the wrongdoings set out herein and Fictitious Defendants G, H, and I, whether singular or plural, those persons, firms or corporations who or which negligently, wantonly, willfully and/or fraudulently conspired to defraud Plaintiffs herein,<br><br>    Defendants. | * * * * * * * * * * * * * * * * * * * * * * * * * * * * * | IN THE CIRCUIT COURT OF<br><br>MONTGOMERY COUNTY, ALABAMA<br><br>CASE NO. CV-05-630 |

## COMPLAINT

### PARTIES

1. The Plaintiffs, Robert E. Hill and Patricia L. Hill, (hereinafter may be referred to as "Hills") are both over the age of nineteen (19) and both are resident citizens of Montgomery County, Alabama at the time the acts/omissions were committed.



2. Defendant State Farm Fire and Casualty Company (hereinafter may be referred to as "State Farm") is a foreign corporation, qualified to conduct business in the State of Alabama and does so conduct business in this state by issuing insurance policies. Whenever the term Defendant or Defendants is contained herein, it is to refer to all Defendants, including Fictitious Defendants, whether they be singular or plural unless specifically stated otherwise.

3. Defendant Mike Devers (hereinafter may be referred to as "Devers") is over the age of nineteen years and believed to be a resident citizen of Elmore County, Alabama. He is being sued in his capacity as an employee/agent of State Farm. Whenever the term Defendant or Defendants is contained herein, it is to refer to all Defendants, including Fictitious Defendants, whether they be singular or plural unless specifically stated otherwise.

4. Fictitious Defendants A, B, and C, whether singular or plural, those persons, firms or corporations who or which negligently, wantonly, willfully and/or fraudulently concealed, suppressed or failed to inform or otherwise make aware to Plaintiffs that Plaintiffs had purchased an insurance policy that would or may not cover those damages, injuries and/or incidents which form the basis of this lawsuit as was represented to the Plaintiffs. Whenever the term Defendant or Defendants is contained herein, it is to refer to all Defendants, including Fictitious Defendants, whether they be singular or plural unless specifically stated otherwise.

5. Fictitious Defendants D, E, and F, whether singular or plural, those persons, firms or corporations who or which participated in or otherwise did actively or passively aid or abet the wrongdoings set out herein. Whenever the term Defendant or Defendants is contained herein, it is to refer to all Defendants, including Fictitious Defendants, whether they be singular or plural unless specifically stated otherwise.

6. Fictitious Defendants G, H, and I, whether singular or plural, those persons, firms or corporations who or which negligently, wantonly, willfully and/or fraudulently conspired to defraud the Plaintiffs. Whenever the term Defendant or Defendants is contained herein, it is to refer to all Defendants, including Fictitious Defendants, whether they be singular or plural unless specifically stated otherwise.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the parties to this action and over the subject matter of this action. Venue is proper in this Court pursuant to §6-3-3 and §6-3-7, *Code of Alabama*(1975) in that the Plaintiffs resided in Montgomery County, Alabama at the time the incidents occurred and/or Defendants do business by agent in Montgomery County, Alabama. The amount of the damages being claimed by the Plaintiffs exceeds the jurisdictional minimum of this Court.

## FACTS

9. The Hills were insured under a homeowner's insurance policy provided under a contract with Defendant State Farm in which said policy number was 01-EK-0786-5.

10. On or about the 25th day of April, 2003, the 16th day of September, 2004 and/or any other date when the above policy covered the Plaintiffs' home, their home suffered damage either by wind, hail and/or some other type of natural cause.

11. The Hills promptly reported said damage to the Defendants in which a claim number should have been assigned. As a result of the Defendants being placed on notice, they conducted their own investigation into the matter. The investigation included the Hill's home being inspected by the Defendants, whether in whole or part. It was determined by the Defendants that the Plaintiffs home, more specifically the roof, was not damaged. The Plaintiffs believed otherwise.

12. Defendants refused and/or denied coverage to fully compensate Plaintiffs for their damages despite the fact Plaintiffs had purchased an insurance policy to cover said damages and that said policy premiums were current. There has been ample time for this matter to be fully investigated. The Hills have done nothing to impede any investigation and have fully cooperated at all times.

13. As a result of the Defendants failing to replace the roof, the Hills had to incur out of pocket expenses and do so themselves. They paid a contractor $7660.00 to replace the damaged roof.

## COUNT I
## BREACH OF CONTRACT

14. The Plaintiffs adopt and reallege each and every allegation made in the above paragraphs as if set out in full herein.

15. The Plaintiffs were insured under the homeowner's insurance policy referred to in the "FACTS" above. Upon notice of Plaintiffs' damages and/or injuries, the Defendants failed and/or refused to provide proceeds for the valid claim of the Plaintiffs' losses.

16. The Plaintiffs allege the Defendants breached their contract with the Plaintiffs.

17. The Plaintiffs allege the contractual duty owed Plaintiffs by the Defendants is so related with matters of mental concern of apprehensiveness or with the feelings of Plaintiffs that a breach of the duty reasonably resulted in mental anguish to Plaintiffs. Therefore, the Plaintiffs are entitled to recover for such mental anguish, physical suffering, property damage, annoyance, inconvenience and those costs associated with repairing the Plaintiffs' home.

WHEREFORE THESE PREMISES CONSIDERED, the Plaintiffs demand judgment against the Defendants, separately and severally, in an amount that exceeds the minimum

jurisdictional amount of this Court in which a fact finder may determine, including actual and punitive damages, attorneys fees, interest and all costs of this proceeding.

## COUNT II
## BAD FAITH

18. The Plaintiffs adopt and reallege each and every allegation made in the above paragraphs as if set out in full herein.

19. The Defendants' failure and refusal to pay Plaintiffs' claim was not based upon any reasonably legitimate, arguable, or debatable reason.

20. The Defendants further failed to act in good faith by refusing or neglecting to make a good faith effort to timely investigate the facts and circumstances surrounding the Plaintiffs' claim to determine whether it was a valid claim.

21. The Defendants knew or reasonably should have known there were no legitimate, arguable or debatable reasons for denying the Plaintiffs' claim.

22. As the direct and proximate result of the Defendants bad faith refusal to pay the valid claim, the Plaintiffs were caused to suffer mental anguish. Therefore, they are entitled to recover for such mental anguish, physical suffering, property damage, annoyance and inconvenience.

WHEREFORE THESE PREMISES CONSIDERED, the Plaintiffs demand judgment against the Defendants, separately and severally, in an amount that exceeds the minimum jurisdictional amount of this Court in which a fact finder may determine, including actual and punitive damages, attorneys fees, interest and all costs of this proceeding.

## COUNT III
## FRAUD

23. The Plaintiffs adopt and reallege each and every allegation made in the above paragraphs as if set out in full herein.

24. The Defendants, whether directly or through their employees/agents, fraudulently misrepresented and fraudulently and deceitfully suppressed and concealed, in violation of §§6-5-101, 6-5-102, 6-5-103 and 6-5-104, *Code of Alabama* (1975), material facts regarding the provisions of said insurance policy.

25. The representations made by the Defendants were false and Defendants knew they were false; or the Defendants recklessly misrepresented the facts by mistake, but did so with the intention that Plaintiffs should rely on them. These representations took place when the Plaintiffs purchased the above policy, when Defendants, whether directly or through their employees/agents, communicated with the Plaintiffs at the Plaintiffs' home after the claim was filed about the condition of the Plaintiffs' home, through the documents the Plaintiffs received relating to their home policy and/or during discussions about the Plaintiffs' home with the Defendants.

26. Defendants consciously or deliberately engaged in oppression, fraud, wantonness or malice with regard to Plaintiffs, thereby depriving Plaintiffs of legal rights and entitling them to punitive damages against Defendants. The Defendants have established a pattern and practice of this type of conduct.

27. As a proximate result of the aforementioned wrongful conduct of Defendants, Plaintiffs have suffered mental anguish and Plaintiffs are entitled to recover for such mental anguish, physical suffering, property damage, annoyance and inconvenience.

WHEREFORE THESE PREMISES CONSIDERED, the Plaintiffs demand judgment against the Defendants, separately and severally, in an amount that exceeds the minimum

jurisdictional amount of this Court in which a fact finder may determine, including actual and punitive damages, attorneys fees, interest and all costs of this proceeding.

## COUNT IV
## NEGLIGENCE/WANTONNESS

28. The Plaintiffs adopt and reallege each and every allegation made in the above paragraphs as if set out in full herein.

29. Plaintiffs claim damages against the Defendants for their negligence/wantonness in failing to procure to the Plaintiffs those proceeds which were to be made available by and through the Plaintiffs' homeowners' policy. These Defendants were, in the least, further negligent/wanton in the manner in which they inspected the Plaintiffs' home after the claim was initiated and in the manner in which they generally handled the Plaintiffs' claim.

30. Plaintiffs aver the Defendants were negligent/wanton in that they failed, in the least, to procure said proceeds as the Defendants represented they would failed to properly inspect the Plaintiffs' home and failed to properly handle the Plaintiffs' claim.

31. As a proximate cause of the Defendants' negligence/wantonness, Plaintiffs have suffered mental anguish and are entitled to recover for such mental anguish, physical suffering, property damage, annoyance and inconvenience.

WHEREFORE THESE PREMISES CONSIDERED, the Plaintiffs demand judgment against the Defendants, separately and severally, in an amount that exceeds the minimum jurisdictional amount of this Court in which a fact finder may determine, including actual and punitive damages, attorneys fees, interest and all costs of this proceeding.

RESPECTFULLY SUBMITTED,

CLEVELAND & COLLEY, P.C.

By: _____
Clifford "Chip" W. Cleveland, II (CLE025)
Attorney for Plaintiffs
Post Office Box 680689
Prattville, Alabama 36068
(334) 365-1500

The Plaintiffs demand a trial by struck jury for all issues so triable.

Please serve Defendants by certified mail.

_____
CLIFFORD "CHIP" W. CLEVELAND, II

DONE AND DATED THIS 1 DAY OF March, 2005.

| | |
|---|---|
| ROBERT E. HILL<br>and PATRICIA L. HILL,<br><br>    Plaintiffs,<br><br>vs.<br><br>STATE FARM FIRE AND CASUALTY COMPANY, MIKE DEVERS,<br>and Fictitious Defendants A, B, and C, whether singular or plural, those persons, firms or corporations who or which negligently, wantonly, willfully and/or fraudulently concealed, suppressed or failed to inform or otherwise make aware to Plaintiffs that Plaintiffs had purchased an insurance policy that would or may not cover those damages, injuries and/or incidents which form the basis of this lawsuit as was represented to the Plaintiffs; Fictitious Defendants D, E, and F, whether singular or plural, those persons, firms or corporations who or which participated in or otherwise did actively or passively aid or abet the wrongdoings set out herein and Fictitious Defendants G, H, and I, whether singular or plural, those persons, firms or corporations who or which negligently, wantonly, willfully and/or fraudulently conspired to defraud Plaintiffs herein,<br><br>    Defendants. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | IN THE CIRCUIT COURT OF<br><br>MONTGOMERY COUNTY, ALABAMA<br><br>CASE NO. CV-05-630 |

## SUMMONS

To any Sheriff or any person authorized by either Rules 4.1(b)(2) or 4.2(b)(2) or 4.4(b)(2) of the Alabama Rules of Civil Procedure to effect service.

You are hereby commanded to serve this summons and a copy of the complaint in this action upon **MIKE DEVERS, P.O. BOX 1399, MILLBROOK, AL 36054-0030.**

### NOTICE TO DEFENDANT

The Complaint, which is attached to this Summons, is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the complaint to Chip Cleveland, Attorney for Plaintiff, whose address is Post Office Box 680689, Prattville, Alabama 36068.

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN __30__ DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGEMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. You must also file the original of your answer with the Clerk of this Court within a reasonable time afterward.

DATED: __03/09/05__             __Melissa Rittenaw__ /kc
                                CLERK OF THE COURT

RETURN ON SERVICE:

_____    Certified Mail return receipt received in this office on the ____ day of _____, 2005. Receipt attached.

_____    I certify that I personally delivered a copy of the Summons and Complaint to _____ in _____ County, Alabama on the ____ day of _____, 2005.

Date: _____.                _____
                                        SERVER SIGNATURE

                                        _____
                                        TYPE OF PROCESS SERVER