| | |
|---|---|
| ROBERT E. HILL<br>and PATRICIA L. HILL,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>STATE FARM FIRE AND CASUALTY<br>COMPANY, MIKE DEVERS, et al.,<br><br>　　　　Defendants. | *　IN THE CIRCUIT COURT OF<br>*<br>*　MONTGOMERY COUNTY, ALABAMA<br>*<br>*　CASE NO. CV-05-630-Pr.<br>*<br>*<br>*<br>*<br>*<br>* |

## AMENDED COMPLAINT

COME NOW the Plaintiffs, by and through undersigned counsel, and hereby amend the previously filed Complaint wherein the amended paragraphs are more fully set out below:

## MISREPRESENTATION

32.　The Plaintiffs adopt and reallege each and every allegation made in paragraphs one through thirty-one as if set out in full herein.

33.　The Defendants, whether directly or through their employees/agents, fraudulently misrepresented and fraudulently and deceitfully suppressed and concealed, in violation of §6-5-101, 6-5-102, 6-5-103 and 6-5-104, *Code of Alabama* (1975), material facts regarding the provisions of said insurance policy. Upon the Plaintiffs making contact with Defendant Devers so as to purchase a homeowners policy, it was represented to them by and through that agency the policy they were purchasing would cover their home in the event of, for example, hail and wind damage. After paying the first premium, the Plaintiffs received a homeowner's policy which provided coverage for these damages suffered by the Plaintiffs found herein. Despite such, Defendant State Farm has failed to adhere to the terms and conditions of said policy by refusing to replace the Plaintiff's roof. This is in direct contradiction with the representations made to the Plaintiffs which thus induced them to purchase the policy.

EXHIBIT B

34.  The representations made by the Defendants were false and Defendants knew they were false; or the Defendants recklessly misrepresented the facts by mistake, but did so with the intention that Plaintiffs should rely on them. These representations took place when the Plaintiffs were in the process of purchasing the above policy (for the exact date refer to those documents in the Defendant's possession), when Defendants, whether directly or through their employees/agents, communicated with the Plaintiffs, at the Plaintiffs' home, after the claim was filed about the condition of the Plaintiffs' home, through the documents the Plaintiffs received relating to their home policy and/or during discussions about the Plaintiffs' home with the Defendants which took place upon purchasing the policy and after the claim was initially filed.

35.  Defendants consciously or deliberately engaged in oppression, fraud, wantonness or malice with regard to Plaintiffs, thereby depriving Plaintiffs of legal rights and entitling them to punitive damages against Defendants. The Defendants have established a pattern and practice of this type of conduct.

36.  As a proximate result of the aforementioned wrongful conduct of Defendants, Plaintiffs have suffered mental anguish and Plaintiffs are entitled to recover for such mental anguish, physical suffering, property damage, annoyance and inconvenience.

WHEREFORE THESE PREMISES CONSIDERED, the Plaintiffs demand judgment against the Defendants, separately and severally, in an amount that exceeds the minimum jurisdictional amount of this Court in which a fact finder may determine, including actual and punitive damages, attorneys fees, interest and all costs of this proceeding.

RESPECTFULLY SUBMITTED,

By: _____
Chip Cleveland, (CLE025)
Attorney for Plaintiffs
Post Office Box 680689
Prattville, Alabama 36068
(334) 365-1500

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing by placing a copy of same in the United States Mail, postage prepaid and properly addressed this the ___29___ day of February, 2006 to:

Michael S. Jackson, Esquire
**BEERS ANDERSON JACKSON PATTY & VAN HEEST, P.C.**
Post Office Box 1988
Montgomery, Alabama 36102

_____
OF COUNSEL