IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

ROBERT E. HILL,                     )
and PATRICIA L. HILL,               )
    Plaintiffs,                     )
                                    )
vs.                                 )          Case No. CV-05-630
                                    )
STATE FARM FIRE AND CASUALTY        )
COMPANY, MIKE DEVERS, et al.,       )
                                    )
    Defendants.                     )

## DEFENDANT MIKE DEVERS' MOTION TO DISMISS COUNTS ONE, TWO AND FOUR

COMES NOW Defendant Mike Devers, (hereinafter "Devers"), and moves this Court to dismiss him from Counts One, Two and Four of this action pursuant to Rule 12(b)(6), *Alabama Rules of Civil Procedure*. Plaintiffs' Complaint fails to state a claim against Devers in these counts upon which relief can be granted. Plaintiffs can prove no set of facts in support of any allegation contained within these Counts that would entitle them to relief against Devers. In support thereof, Defendant Devers states as follows:

## I. INTRODUCTION

Plaintiffs' Complaint arises from their submission of two insurance claims to State Farm Fire and Casualty Company regarding storm damage to their home on or about April 25, 2003, and September 16, 2004. Plaintiffs' Complaint alleges that "Defendants breached their contract with Plaintiffs," (Complaint, ¶ 16), and seeks relief as to Count One "against Defendants, separately and severally." Count Two alleges bad faith and specifically states that Defendants failed and refused to pay Plaintiffs' claim (Complaint, ¶ 19) and failed to make a good faith effort to investigate (Complaint, ¶ 20), and seeks relief in Count Two "against Defendants, separately and severally." Count Four alleges that Defendants were negligent/wanton in making funds available by and through



EXHIBIT
*E*

the policy, negligent in the manner the home was inspected and generally in the manner the claim was handled. (Complaint, ¶¶ 29, 30). Again, Plaintiffs demand judgment against "Defendants, separately and severally." As will be demonstrated below, even when these allegations are viewed most strongly in Plaintiffs' favor, Defendant Devers contends that there is no circumstance which would entitle Plaintiffs to relief against him under Counts One, Two and Four.

## II. ARGUMENT

### A.    MOTION TO DISMISS STANDARD

Every complaint filed should detail the parties involved and the dispute that has arisen between them. One of the requirements of every complaint is that it should state a claim upon which the plaintiff may recover in a court of law. The request by the defendant to dismiss the complaint or some aspect of it is a request that is given the utmost scrutiny by the Court.

"Motions to dismiss should be granted sparingly, and a dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of claim which would entitle the plaintiff to relief." *Gilliland v. USCO Power Equipment Corp.*, 631 So. 2d 938, 939 (Ala. 1994)(quoting *Hill v. Kraft, Inc.*, 496 So. 2d 768, 769 (Ala. 1986). Therefore, dismissal is proper when it appears beyond a doubt that plaintiff will not be able to present any set of facts in support of his claim that will allow him to recover under the law *C.B. v. Bobo*, 659 So. 2d 98 (Ala. 1995); *Green v. Nemish*, 652 So. 2d 243 (Ala. 1994); *Williams v. John C. Calhoun Community College*, 646 So. 2d 1 (Ala. 1994), rehearing denied. Plaintiffs' Complaint fails to state any claim against Defendant Devers in Counts One, Two and Four which would allow Plaintiffs to recover under the law.

### B.    COUNT ONE:  The allegations of breach of contract are not applicable to Defendant Devers.

The existence of a contract between the parties is the first element of an action for breach of

contract. *See Moundville Lumber Co. v. Warren*, 203 Ala 488, 83 So. 479 (1919); *Hamil v. Flowers*, 184 Ala 301, 63 So. 994 (1913). Without a contract there can be no breach.

The contract in question, in this matter, existed between Plaintiffs and State Farm Fire and Casualty Company. Alabama law, in fact, has specifically stated that there is no cause of action for breach of contract against any party other than the insurance company issuing the policy. (*Henson v. Celtic Life Insurance Company et al.*, 621 So. 2d 1268, 1270 n. 2 (Ala. 1993) (an agent cannot be liable for the breach of a contract to which he was not a party).

Alabama courts have stated that the agent, the adjusting company and its employees are not parties to an alleged breach of contract suit involving an insurance company. In *Ligon Furniture v. O.M. Hughes, Ins.*, 551 So. 2d 283 (Ala. 1989), Ligon Furniture Company, Inc. had Hughes, a local agent, to arrange a business policy for fire insurance. Hughes worked out the details with Compass Insurance Company. After the store suffered a fire loss, they reported it to Hughes, who, at the request of Compass, assigned the job of adjusting the claim to Gay & Taylor. A dispute subsequently arose over Compass's failure to pay Ligon's claim. Ligon filed suit against everyone alleging, intra alia, breach of contract. The trial court entered summary judgment for Hughes, the agent; Gay & Taylor, the adjusting company; and the employee of Gay & Taylor, Routledge. Affirming the trial court's decision the court held:

> The undisputed evidence reveals that Hughes was not a party to Ligon's insurance contract with Compass and that Gay & Taylor and Routledge were not parties to it either. Thus, the trial court properly entered summary judgment on the claim alleging a breach of the insurance contract.

*Ligon Furniture v. O.M. Hughes, Ins.*, 551 So. 2d 283, 285 (Ala. 1989).

In the case at bar, Defendant Devers is an independent contractor who sells and services State Farm Fire and Casualty Company products. Devers is not a party to the contract of insurance

between Plaintiffs and State Farm Fire and Casualty Company.[1] Based on the law of Alabama, there

is no possibility Plaintiffs can maintain a breach of contract claim against Devers. Defendant Devers

should be dismissed from Count One of Plaintiffs' Complaint as a matter of law.

**C.      COUNT TWO: The allegations of bad faith refusal to pay and bad faith failure
to investigate an insurance claim are not applicable to Defendant Devers.**

The tort of bad faith was developed by the court to provide the insured with a tool to battle

injustice against what appeared to be a formidable foe, his own insurance company. The elements

of bad faith were set out in *National Security Fire & Casualty Co. v. Bowen*, 417 So. 2d 179 (Ala.

1982):

<blockquote>

(a)      [A]n insurance contract between the parties and a breach
thereof by the defendant;

(b)      an intentional refusal to pay the insured's claim;

(c)      the absence of any reasonably legitimate or arguable reason
for that refusal (the absence of a debatable reason);

(d)      the insurer's actual knowledge of the absence of any legitimate
or arguable reason;

(e)      if the intentional failure to determine the existence of a lawful
basis is relied upon, plaintiff must prove the insurer's
intentional failure to determine whether there is a legitimate or
arguable reason to refuse to pay the claim.

</blockquote>

*Id.* at 183.

Though attempts have been made to expand it out of the insurance context, the court has held

true to the concept that bad faith must be based on an **insurance contract**. *See Brown-Marx*

*Associates, Ltd. v. Emigrant Savings Bank*, 527 F. Supp. 277 (N.D. Ala. 1981); *Tanner v. Church's*

---

[1] A certified copy of the subject policy is attached hereto as **Exhibit A.** The policy, being
"integral" to plaintiffs' claims, may be considered by the court without converting this motion to
dismiss into a motion for summary judgment. *Deerman v. Federal Home Loan Mortgage Corp.*,
955 F. Supp. 1393, 1397 (N. D. Ala. 1997).

*Fried Chicken*, 582 So. 2d 449 (Ala. 1991). In fact, the court very plainly stated that the "existence of an insurance contract between the parties is a **threshold requirement** in a bad faith claim." *Aplin v. American Security Ins. Co.*, 568 So. 2d 757, 758 (Ala. 1990) (emphasis added) (quoting *Tyson v. Safeco Ins. Co.*, 461 So. 2d 1308, 1311 (Ala. 1984)). Without the existence of the contract, there can be no bad faith. *See LeFevre v. Westberry et al.*, 590 So. 2d 154 (Ala. 1991) (in order to recover on a claim alleging bad faith refusal to pay on a direct claim insured must prove the existence of an insurance contract); *National Security Fire & Cas. Co. v. Bowen*, 417 So. 2d 179 (Ala. 1982) (plaintiff in a bad faith refusal case has the burden of proving an insurance contract between the parties.) There must be a contract between the parties before there can be bad faith. Without the contract, the claim for bad faith will not lie because Alabama does not recognize a cause of action for bad faith against any party other than the insurance company issuing the policy.

Plaintiffs' Complaint alleges that "Defendants" intentionally, and in bad faith, refused to pay and failed to investigate, and seeks judgment from "Defendants, separately and severally." As stated in Section "B" above, Defendant Devers is an independent contractor who sells and services State Farm Fire and Casualty Company products. Also, Defendant Devers is not a party to the contract of insurance at issue in this litigation. (See Exhibit "A"). Said policy of insurance exists between Plaintiffs and State Farm Fire and Casualty Company. Thus, the allegations against Devers for bad faith are improper as there is no possibility that such a claim can be maintained against him. The only proper party against which such allegations can be raised by the insured is the insurer. Defendant Devers should be dismissed from Count Two of Plaintiffs' Complaint as a matter of law.

### D.    COUNT FOUR: The allegations of negligent claim handling are not recognized under Alabama law.

Count Four of the Complaint alleges that Defendants were negligent/wanton in failing to obtain the proceeds "which were to be made available by and through the . . . policy," "in the manner

in which they inspected the . . . home," and "in the manner in which they generally handled the . . . claim." (Complaint, ¶ 29). Defendant Devers is the independent contractor who services Plaintiffs' insurance policies for Defendant State Farm.

The law in Alabama does not recognize a cause of action for negligent claim handling. See *Kervin v. Southern Guaranty Insurance Company*, 667 So. 2d 704 (Ala. 1995) (no claim existed under Alabama law for negligent handling or wanton handling of insurance claims); *Pate v. Rollison Logging Equipment, Inc.*, 628 So. 2d 337 (Ala. 1993) (this court has consistently refused to recognize a cause of action for negligent handling of insurance claims); *Armstrong v. Life Ins. Co. of Virginia*, 454 So. 2d 1377 (Ala. 1984), *overruled on other grounds, Hickox v. Stover*, 551 So. 2d 259 (Ala. 1984); *Chavers v. national Security Fire & Casualty* Co., 405 So. 2d 1 (Ala. 1981); Calvert *Fire Insurance Company v. Green*, 278 Ala. 673, 180 So. 2d 269 (1965). See also *West Beach Development Co., L.L.C. v. Royal Indem. Co.*, 200 WL 1367994, *7 (S.D. Ala. Sept. 19, 2000) (quoting *Kervin, supra.*) In an Order remanding an action back to State court, Chief United States District Judge Callie V. S. Granade, in addressing a claim made for "negligent inspection" specifically noted that "[t]he court finds plaintiffs' negligent inspection claim to be essentially a claim for negligent handling. Therefore, under Alabama law, there is no possibility that plaintiffs could establish a cause of action against [the adjuster] for negligent inspection." (*J.R. Rivas and Tina Rivas v. State Farm Fire and Casualty Company, et al.*, In the United States District Court for The Southern District of Alabama, Southern Division, CV-04-0660-CG-B, Order entered on January27, 2005) (remanded due to other counts).

## CONCLUSION

Defendant Devers is an independent contractor who sales and services State Farm Fire and

Casualty Company products.  He is not a party to the contract of insurance at issue.  Plaintiffs and State Farm Fire and Casualty Company are the parties to said insurance contract.  Alabama law supports causes of action for breach of contract and bad faith in the insurance context but only against the insurer issuing the policy.  Plaintiffs' claim for negligent failure to pay proceeds due under the policy, negligent inspection and negligent claim handling are all, still essentially, a claim for negligent claim handling which is unsupported in Alabama law.  Defendant Devers is due to be dismissed from Counts One, Two and Four of the Complaint as a matter of law.

**MICHAEL B. BEERS [BEE006]**
**CONSTANCE T. BUCKALEW [BUC015]**
**ANGELA C. TAYLOR [TAY062]**
Attorneys for Defendants State Farm Fire and Casualty Company and Mike Devers

**Of Counsel:**

BEERS, ANDERSON, JACKSON,
  PATTY & VAN HEEST, P.C.
P. O. Box 1988
Montgomery, Alabama 36102-1988
TEL: (334) 834-5311
FAX: (334) 834-5362

-7-

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **DEFENDANT MIKE DEVERS' MOTION TO DISMISS COUNTS ONE, TWO AND FOUR** has been served upon all parties to this action by depositing a copy of same in the U.S. Mail, postage prepaid, addressed as follows:

Clifford W. Cleveland, II, Esq.
**CLEVELAND & COLLEY, P.C.**
Post Office Box 680689
Prattville, Alabama 36068

on this the _____ day of APRIL, 2005.

Of Counsel

-8-

# STATE OF ALABAMA

Unified Judicial System

Montgomery County

Check one *(Not for Workers' Comp., PFA, or Small Claims cases):*

☐ District Court     ☒ Circuit Court

**Case No.**
**CV-05-630**

| | |
|---|---|
| *Style of case:*<br>Robert E. Hill et al. v.<br>State Farm Fire & Casualty Company, et al. | ## CIVIL MOTION COVER SHEET<br>*Name of Filing Party:* Defendant Mike Devers |

*Name, Address, and Telephone No. of Attorney or Party, If Not Represented:*
CONSTANCE T. BUCKALEW
BEERS, ANDERSON, JACKSON, PATTY & VAN HEEST, P.C.
P. O. Box 1988
Montgomery, Alabama 36102-1988
*Attorney Bar No.:*  BUC015

To be filled out by Clerk of Court:
☐ Filing Fee Charged and Collected (Amt $_____)
☐ Filing Fee Not Required (SM, Work Comp, PFA)
☐ Affidavit of Hardship on File

# Type of Motion (Check One)

## Motions Requiring Fee

☐ Default Judgment ($50.00)

☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00)

☐ Judgment on the Pleadings ($50.00)

☐ Motion to Dismiss, or in the Alternative Summary Judgment($50.00)

☐ Renewed Dispositive Motion (Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00)

☐ Summary Judgment Pursuant to Rule 56 ($50.00)

☐ Other _____,
pursuant to Rule_____($50.00)

\* Motion fees are enumerated in §12-19-71(a).  Fees pursuant to Local Act are not included.  Please contact the Clerk of the Court regarding applicable local fees.

☐ Local Court Cost $_____

Hearing Date:

## Motions Not Requiring Fee

☐ Add Party
☐ Amend
☐ Change of Venue/Transfer
☐ Compel
☐ Consolidation
☐ Continue
☐ Deposition
☐ Designate a Mediator
☐ Judgment as a Matter of Law (during trial)
☐ Disburse Funds
☐ Extension of Time
☐ In Limine
☐ Joinder
☐ More Definite Statement Regarding Fraud
☒ Motion to Dismiss pursuant to Rule 12 (b)
☐ New Trial
☐ Objection of Exemptions Claimed
☐ Pendente Lite
☐ Plaintiff's Motion to Dismiss
☐ Preliminary Injunction
☐ Protective Order
☐ Quash
☐ Release from Stay of Execution
☐ Revive Judgment
☐ Sanctions
☐ Sever
☐ Special Practice in Alabama
☐ Stay
☐ Strike
☐ Supplement to Pending Motion
☐ Vacate or Modify
☐ Withdraw
☐ Other _____
pursuant to Rule _____(Subject to filing fee)

| | | |
|---|---|---|
| Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county or municipal government. ☐ | *Date:*<br><br>4-4-05 | *Signature of* **Attorney** *or Party:*<br><br>*Constance J. Buckalew* |

\**This Cover Sheet must be completed, signed by the filing attorney or party, and submitted to the Clerk of Court upon the filing of any motion.  Each motion should contain a separate Cover Sheet.*

\*\* *Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee*

*P*

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

ROBERT E. HILL,                    )
and PATRICIA L. HILL,              )
     Plaintiffs,              )
                              )
vs.                                )    Case No. CV-05-630
                              )
STATE FARM FIRE AND CASUALTY       )
COMPANY, MIKE DEVERS, et al.,      )
                              )
     Defendants.              )

2005 APR -4  PM 3: 13

## DEFENDANT MIKE DEVERS'
## MOTION TO PLEAD COUNT THREE WITH PARTICULARITY

COMES NOW Defendant, Mike Devers, (hereinafter "Devers") and moves the Court to order Plaintiffs to plead Count Three of their Complaint with particularity.  In support of said motion, Defendant Devers sets forth the following:

### A.    ALA.R.CIV.P. 9(B)

Rule 9(b) of the *Alabama Rules of Civil Procedure* states "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Although Rule 9(b) requires particularity, "[t]his does not mean that every element [of fraud] must be stated with particularity"; it does mean, however, that "[t]he pleader ... must use more than generalized or [conclusory] statements when setting out the allegations of fraud." *Lyde v. United Ins. Co. of America*, 628 So.2d 665 (Ala.Civ.App.1993). "The pleader must state the place, the time, the contents of the false misrepresentations, the fact misrepresented, and an identification of what has been obtained." *Id.* at 670, citing *Robinson v. Allstate Ins. Co.*, 399 So.2d 288 (Ala.1981). "The purpose of Rule 9(b) is to provide adequate notice to the opposing party of any claim for fraud so that he may properly prepare his case", *Caron v. Teagle*, 345 So. 2d 1331, 1333 (Ala. 1977).

**B.    COUNT THREE OF PLAINTIFFS' COMPLAINT**

Count Three of Plaintiffs' Complaint alleges that "Defendants . . . fraudulently misrepresented and fraudulently and deceitfully suppressed and concealed . . . material facts regarding the provisions of said insurance policy." (Complaint, ¶ 24). The Complaint continues that the "representations took place when the Plaintiffs purchased the above policy, when Defendants, . . . communicated with the Plaintiffs at the Plaintiffs' home after the claim was filed about the condition of the Plaintiffs' home, through the documents the Plaintiffs received relating to their home policy and/or during discussions about the Plaintiffs' home with the Defendants." (Complaint, ¶ 25).

The factual background of the Complaint appearing in ¶¶ 9-13 of the Complaint make no reference to any alleged facts that would relate to the allegations appearing in Count Three of the Complaint. A review of Count Three fails to reveal basic information relating to an alleged fraud as required by Rule 9(b) of the *Alabama Rules of Civil Procedure*. Plaintiffs have broadly alleged that false representations were made (1) during the sale of the policy, and (2) during the adjustment of the claim yet failed to provide any indication as to how they relied on the alleged representations.

The allegations set forth in Count Three are nothing more than general statements of alleged misrepresentations. The allegations fail to state with specificity the place, the time, the specific contents of the alleged false misrepresentations, the alleged facts misrepresented and who made the alleged misrepresentations so as to allow Devers the opportunity to form a defense to Count Three.

<u>CONCLUSION</u>

Count Three of Plaintiffs' Complaint fails to comply with Rule 9(b) of *Ala.R.Civ.P.* which states that all allegations of fraud and the circumstances relating to the alleged fraud must be plead with particularity. Therefore, Defendant Devers prays the Court will grant the relief sought herein

and order Plaintiffs to plead their Count Three of the Complaint with particularity regarding any allegation of fraud.

**MICHAEL B. BEERS [BEE006]**
**CONSTANCE T. BUCKALEW [BUC015]**
**ANGELA C. TAYLOR [TAY062]**
Attorneys for Defendants State Farm Fire and Casualty Company and Mike Devers

**Of Counsel:**

BEERS, ANDERSON, JACKSON,
   PATTY & VAN HEEST, P.C.
P. O. Box 1988
Montgomery, Alabama  36102-1988
TEL:  (334) 834-5311
FAX:  (334) 834-5362

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing **DEFENDANT MIKE DEVERS' MOTION TO PLEAD COUNT THREE WITH PARTICULARITY** has been served upon all parties to this action by depositing a copy of same in the U.S. Mail, postage prepaid, addressed as follows:

Clifford W. Cleveland, II, Esq.
**CLEVELAND & COLLEY, P.C.**
Post Office Box 680689
Prattville, Alabama 36068

on this the ___4th___ day of APRIL, 2005.

_____
Of Counsel

**-4-**

# STATE OF ALABAMA

Unified Judicial System
Montgomery County

Check one (Not for Workers' Comp., PFA, or Small Claims cases):
☐ District Court   ☒ Circuit Court

**Case No.**
**CV-05-630**

Style of case:
Robert E. Hill et al. v.
State Farm Fire & Casualty Company, et al.

## CIVIL MOTION COVER SHEET

Name of Filing Party: Defendant Mike Devers

Name, Address, and Telephone No. of Attorney or Party, If Not Represented:
CONSTANCE T. BUCKALEW
BEERS, ANDERSON, JACKSON, PATTY & VAN HEEST, P.C.
P. O. Box 1988
Montgomery, Alabama 36102-1988
Attorney Bar No.: BUC015

To be filled out by Clerk of Court:
☐ Filing Fee Charged and Collected (Amt $_____)
☐ Filing Fee Not Required (SM, Work Comp, PFA)
☐ Affidavit of Hardship on File

## Type of Motion (Check One)

### Motions Requiring Fee

☐ Default Judgment ($50.00)
☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00)
☐ Judgment on the Pleadings ($50.00)
☐ Motion to Dismiss, or in the Alternative Summary Judgment ($50.00)
☐ Renewed Dispositive Motion (Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00)
☐ Summary Judgment Pursuant to Rule 56 ($50.00)
☐ Other _____
    pursuant to Rule_____ ($50.00),

\* Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees.

☐ Local Court Cost $_____

Hearing Date:

### Motions Not Requiring Fee

☐ Add Party
☐ Amend
☐ Change of Venue/Transfer
☐ Compel
☐ Consolidation
☐ Continue
☐ Deposition
☐ Designate a Mediator
☐ Judgment as a Matter of Law (during trial)
☐ Disburse Funds
☐ Extension of Time
☐ In Limine
☐ Joinder
☒ More Definite Statement Regarding Fraud
☐ Motion to Dismiss pursuant to Rule 12 (b)
☐ New Trial
☐ Objection of Exemptions Claimed
☐ Pendente Lite
☐ Plaintiff's Motion to Dismiss
☐ Preliminary Injunction
☐ Protective Order
☐ Quash
☐ Release from Stay of Execution
☐ Revive Judgment
☐ Sanctions
☐ Sever
☐ Special Practice in Alabama
☐ Stay
☐ Strike
☐ Supplement to Pending Motion
☐ Vacate or Modify
☐ Withdraw
☐ Other _____
    pursuant to Rule _____ (Subject to filing fee)

Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county or municipal government. ☐

Date:
4-4-05

Signature of Attorney or Party:
Constance T. Buckalew

\*This Cover Sheet must be completed, signed by the filing attorney or party, and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

\*\* Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee

Revised 9/23/05

2005 APR -4 PM 3: 13

P

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

ROBERT E. HILL,                       )
and PATRICIA L. HILL,                 )
    Plaintiffs,              )
                              )
vs.                                   )         Case No. CV-05-630
                              )
STATE FARM FIRE AND CASUALTY          )
COMPANY, MIKE DEVERS, et al.,         )
                              )
    Defendants.              )

## DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S MOTION TO PLEAD COUNT THREE WITH PARTICULARITY

COMES NOW Defendant, State Farm Fire and Casualty Company, (hereinafter "State Farm") and moves the Court to order Plaintiffs to plead Count Three of their Complaint with particularity. In support of said motion, Defendant State Farm sets forth the following:

### A.    ALA.R.CIV.P. 9(B)

Rule 9(b) of the *Alabama Rules of Civil Procedure* states "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Although Rule 9(b) requires particularity, "[t]his does not mean that every element [of fraud] must be stated with particularity"; it does mean, however, that "[t]he pleader ... must use more than generalized or [conclusory] statements when setting out the allegations of fraud." *Lyde v. United Ins. Co. of America*, 628 So.2d 665 (Ala.Civ.App.1993). "The pleader must state the place, the time, the contents of the false misrepresentations, the fact misrepresented, and an identification of what has been obtained." *Id.* at 670, citing *Robinson v. Allstate Ins. Co.*, 399 So.2d 288 (Ala.1981). "The purpose of Rule 9(b) is to provide adequate notice to the opposing party of any claim for fraud so that he may properly prepare his case", *Caron v. Teagle*, 345 So. 2d 1331, 1333 (Ala. 1977).

**B.    COUNT THREE OF PLAINTIFFS' COMPLAINT**

Count Three of Plaintiffs' Complaint alleges that "Defendants . . . fraudulently misrepresented and fraudulently and deceitfully suppressed and concealed . . . material facts regarding the provisions of said insurance policy." (Complaint, ¶ 24). The Complaint continues that the "representations took place when the Plaintiffs purchased the above policy, when Defendants, . . . communicated with the Plaintiffs at the Plaintiffs' home after the claim was filed about the condition of the Plaintiffs' home, through the documents the Plaintiffs received relating to their home policy and/or during discussions about the Plaintiffs' home with the Defendants." (Complaint, ¶ 25).

The factual background of the Complaint appearing in ¶¶ 9-13 of the Complaint make no reference to any alleged facts that would relate to the allegations appearing in Count Three of the Complaint. A review of Count Three fails to reveal basic information relating to an alleged fraud as required by Rule 9(b) of the *Alabama Rules of Civil Procedure*. Plaintiffs have broadly alleged that false representations were made (1) during the sale of the policy, and (2) during the adjustment of the claim yet failed to provide any indication as to how they relied on the alleged representations.

The allegations set forth in Count Three are nothing more than general statements of alleged misrepresentations. The allegations fail to state with specificity the place, the time, the specific contents of the alleged false misrepresentations, the alleged facts misrepresented and who made the alleged misrepresentations so as to allow State Farm the opportunity to form a defense to Count Three.

<u>CONCLUSION</u>

Count Three of Plaintiffs' Complaint fails to comply with Rule 9(b) of *Ala.R.Civ.P.* which states that all allegations of fraud and the circumstances relating to the alleged fraud must be plead with particularity. Therefore, Defendant State Farm prays the Court will grant the relief sought herein

and order Plaintiffs to plead their Count Three of the Complaint with particularity regarding any

allegation of fraud.

*(signature)*

**MICHAEL B. BEERS [BEE006]**
**CONSTANCE T. BUCKALEW [BUC015]**
**ANGELA C. TAYLOR [TAY062]**
Attorneys for Defendants State Farm Fire and
Casualty Company and Mike Devers

**Of Counsel:**

BEERS, ANDERSON, JACKSON,
  PATTY & VAN HEEST, P.C.
P. O. Box 1988
Montgomery, Alabama 36102-1988
TEL: (334) 834-5311
FAX: (334) 834-5362


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S MOTION TO PLEAD COUNT THREE WITH PARTICULARITY** has been served upon all parties to this action by depositing a copy of same in the U.S. Mail, postage prepaid, addressed as follows:


Clifford W. Cleveland, II, Esq.
CLEVELAND & COLLEY, P.C.
Post Office Box 680689
Prattville, Alabama 36068


on this the _____ day of APRIL, 2005.

*(signature)*

Of Counsel

-3-

# STATE OF ALABAMA

Unified Judicial System
Montgomery County

Check one (Not for Workers' Comp., PFA, or Small Claims cases):

☐ District Court    ☒ Circuit Court

Case No. 37
**CV-05-630**

---

*Style of case:*
Robert E. Hill et al. v.
State Farm Fire & Casualty Company, et al.

## CIVIL MOTION COVER SHEET

*Name of Filing Party:* State Farm Fire & Casualty Company

*Name, Address, and Telephone No. of Attorney or Party, If Not Represented:*
CONSTANCE T. BUCKALEW
BEERS, ANDERSON, JACKSON, PATTY & VAN HEEST, P.C.
P. O. Box 1988
Montgomery, Alabama 36102-1988
*Attorney Bar No.:* **BUC015**

*To be filled out by Clerk of Court:*
☐ Filing Fee Charged and Collected (Amt $_____)
☐ Filing Fee Not Required (SM, Work Comp, PFA)
☐ Affidavit of Hardship on File

---

# Type of Motion (Check One)

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment ($50.00) | ☐ Continue |
| | ☐ Deposition |
| ☐ Renewed Dispositive Motion (Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Designate a Mediator |
| | ☐ Judgment as a Matter of Law (during trial) |
| ☐ Summary Judgment Pursuant to Rule 56 ($50.00) | ☐ Disburse Funds |
| ☐ Other _____, pursuant to Rule _____ ($50.00) | ☐ Extension of Time |
| | ☐ In Limine |
| | ☐ Joinder |
| | ☒ More Definite Statement Regarding Fraud |
| * Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ Motion to Dismiss pursuant to Rule 12 (b) |
| | ☐ New Trial |
| | ☐ Objection of Exemptions Claimed |
| | ☐ Pendente Lite |
| ☐ Local Court Cost $_____ | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Revive Judgment |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| Hearing Date: | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☐ Other _____ pursuant to Rule _____ (Subject to filing fee) |

---

Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county or municipal government. ☐

Date:
4-4-05

Signature of Attorney or Party:
*[signature]*

*This Cover Sheet must be completed, signed by the filing attorney or party, and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.*

** Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

ROBERT E. HILL,                          )
and PATRICIA L. HILL,                    )
     Plaintiffs,                    )
                        )
vs.                                      )    Case No. CV-05-630
                        )
STATE FARM FIRE AND CASUALTY             )
COMPANY, MIKE DEVERS, et al.,            )
                        )
     Defendants.                    )

## DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S
## MOTION TO DISMISS COUNT FOUR

COMES NOW Defendant, State Farm Fire and Casualty Company (hereinafter "State Farm")

and moves this Court to dismiss Count Four from this action pursuant to Rule 12(b)(6), *Alabama*

*Rules of Civil Procedure.*  Plaintiffs' Complaint fails to state a claim against State Farm upon which

relief can be granted in this Count.  Plaintiffs can prove no set of facts in support of any allegation

contained within Count Four that would entitle them to relief against State Farm.  In support thereof,

Defendant State Farm sets forth the following:

### I.  INTRODUCTION

Plaintiffs' Complaint arises from their submission of two insurance claims to State Farm Fire

and Casualty Company regarding storm damage to their home on or about April 25, 2003, and

September 16, 2004.  Plaintiffs' Complaint alleges that "Defendants breached their contract with

Plaintiffs," (Complaint, ¶ 16), and seeks relief as to Count One "against Defendants, separately and

severally."  Count Two alleges bad faith and specifically states that Defendants failed and refused to

pay Plaintiffs' claim (Complaint, ¶ 19) and failed to make a good faith effort to investigate

(Complaint, ¶ 20), and seeks relief in Count Two "against Defendants, separately and severally."

Count Four alleges that Defendants were negligent/wanton in making funds available by and through

the policy, negligent in the manner the home was inspected and generally in the manner the claim was

handled. (Complaint, ¶¶ 29, 30). Again, Plaintiffs demand judgment against "Defendants, separately

and severally." As will be demonstrated below, even when these allegations are viewed most strongly

in Plaintiffs' favor, Defendant State Farm contends that there is no circumstance which would entitle

Plaintiffs to relief against it under Count Four.

## II. ARGUMENT

### A.    MOTION TO DISMISS STANDARD

Every complaint filed should detail the parties involved and the dispute that has arisen

between them. One of the requirements of every complaint is that it should state a claim upon which

the plaintiff may recover in a court of law. The request by the defendant to dismiss the complaint or

some aspect of it is a request that is given the utmost scrutiny by the Court.

"Motions to dismiss should be granted sparingly, and a dismissal is proper only when it

appears beyond doubt that the plaintiff can prove no set of facts in support of claim which would

entitle the plaintiff to relief." *Gilliland v. USCO Power Equipment Corp.*, 631 So. 2d 938, 939 (Ala.

1994)(quoting *Hill v. Kraft, Inc.*, 496 So. 2d 768, 769 (Ala. 1986). Therefore, dismissal is proper

when it appears beyond a doubt that plaintiff will not be able to present any set of facts in support of

his claim that will allow him to recover under the law *C.B. v. Bobo*, 659 So. 2d 98 (Ala. 1995); *Green

v. Nemish*, 652 So. 2d 243 (Ala. 1994); *Williams v. John C. Calhoun Community College*, 646 So.

2d 1 (Ala. 1994), rehearing denied.   Count Four of Plaintiffs' Complaint  fails to state any claim

against Defendant  State Farm  which would allow Plaintiffs to recover under the law.

### B.    COUNT FOUR: The allegations of negligent claim handling are not recognized under Alabama law.

Count Four of the Complaint alleges that Defendants were negligent/wanton in failing to obtain the proceeds "which were to be made available by and through the . . . policy," "in the manner in which they inspected the . . . home," and "in the manner in which they generally handled the . . . claim." (Complaint, ¶ 29). Defendant Devers is the independent contractor who services Plaintiffs' insurance policies for Defendant State Farm.

The law in Alabama does not recognize a cause of action for negligent claim handling. See *Kervin v. Southern Guaranty Insurance Company*, 667 So. 2d 704 (Ala. 1995) (no claim existed under Alabama law for negligent handling or wanton handling of insurance claims); *Pate v. Rollison Logging Equipment, Inc.*, 628 So. 2d 337 (Ala. 1993) (this court has consistently refused to recognize a cause of action for negligent handling of insurance claims); *Armstrong v. Life Ins. Co. of Virginia*, 454 So. 2d 1377 (Ala. 1984), *overruled on other grounds, Hickox v. Stover*, 551 So. 2d 259 (Ala. 1984); *Chavers v. national Security Fire & Casualty* Co., 405 So. 2d 1 (Ala. 1981); Calvert *Fire Insurance Company v. Green*, 278 Ala. 673, 180 So. 2d 269 (1965). See also *West Beach Development Co., L.L.C. v. Royal Indem. Co.,* 200 WL 1367994, *7 (S.D. Ala. Sept. 19, 2000) (quoting *Kervin, supra.)* In an Order remanding an action back to State court, Chief United States District Judge Callie V. S. Granade, in addressing a claim made for "negligent inspection" specifically noted that "[t]he court finds plaintiffs' negligent inspection claim to be essentially a claim for negligent handling. Therefore, under Alabama law, there is no possibility that plaintiffs could establish a cause of action against [the adjuster] for negligent inspection." (*J.R. Rivas and Tina Rivas v. State Farm Fire and Casualty Company, et al.*, In the United States District Court for The Southern District of Alabama, Southern Division, CV-04-0660-CG-B, Order entered on January27, 2005) (remanded due to other counts).

-3-

## CONCLUSION

Plaintiffs' claim for negligent failure to pay proceeds due under the policy, negligent inspection and negligent claim handling are all, still essentially, a claim for negligent claim handling which is unsupported in Alabama law. Count Four is due to be dismissed from this Complaint as a matter of law.

**MICHAEL B. BEERS [BEE006]**
**CONSTANCE T. BUCKALEW [BUC015]**
**ANGELA C. TAYLOR [TAY062]**
Attorneys for Defendants State Farm Fire and Casualty Company and Mike Devers

**Of Counsel:**

BEERS, ANDERSON, JACKSON,
  PATTY & VAN HEEST, P.C.
P. O. Box 1988
Montgomery, Alabama 36102-1988
TEL: (334) 834-5311
FAX: (334) 834-5362

-4-

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing has been served upon all parties to this action by depositing a copy of same in the U.S. Mail, postage prepaid, addressed as follows:


Clifford W. Cleveland, II, Esq.
**CLEVELAND & COLLEY, P.C.**
Post Office Box 680689
Prattville, Alabama 36068


on this the ____ day of APRIL, 2005.

                                        _____
                                        Of Counsel

# STATE OF ALABAMA

**Unified Judicial System**

Montgomery County

Check one*(Not for Workers' Comp., PFA, or Small Claims cases)*:

☐ District Court   ☒ Circuit Court

*Revised 3/23/05*

**Case No.**
CV-05-630

---

*Style of case:*
Robert E. Hill et al. v.
State Farm Fire & Casualty Company, et al.

# CIVIL MOTION COVER SHEET

*Name of Filing Party:* State Farm Fire & Casualty Company

---

*Name, Address, and Telephone No. of Attorney or Party, If Not Represented:*

CONSTANCE T. BUCKALEW
BEERS, ANDERSON, JACKSON, PATTY & VAN HEEST, P.C.
P. O. Box 1988
Montgomery, Alabama 36102-1988
*Attorney Bar No.:* BUC015

*To be filled out by Clerk of Court:*
☐ Filing Fee Charged and Collected (Amt $_____)
☐ Filing Fee Not Required (SM, Work Comp, PFA)
☐ Affidavit of Hardship on File

---

# Type of Motion (Check One)

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment($50.00) | ☐ Continue |
| | ☐ Deposition |
| ☐ Renewed Dispositive Motion (Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Designate a Mediator |
| | ☐ Judgment as a Matter of Law (during trial) |
| ☐ Summary Judgment Pursuant to Rule 56 ($50.00) | ☐ Disburse Funds |
| ☐ Other _____ , pursuant to Rule_____($50.00) | ☐ Extension of Time |
| | ☐ In Limine |
| | ☐ Joinder |
| | ☐ More Definite Statement |
| * Motion fees are enumerated in §12-19-71(a).  Fees pursuant to Local Act are not included.  Please contact the Clerk of the Court regarding applicable local fees. | ☒ Motion to Dismiss pursuant to Rule 12 (b) |
| | ☐ New Trial |
| | ☐ Objection of Exemptions Claimed |
| | ☐ Pendente Lite |
| ☐ Local Court Cost $_____ | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Revive Judgment |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| Hearing Date: | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☐ Other _____ pursuant to Rule _____(Subject to filing fee) |

---

| Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county or municipal government. ☐ | Date:

4-4-05 | *Signature of Attorney or Party:*

Constance T. Buckalew |

*This Cover Sheet must be completed, signed by the filing attorney or party, and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

** Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

ROBERT E. HILL,                     )
and PATRICIA L. HILL,               )
    Plaintiffs,               )
                              )
vs.                                 )        Case No. CV-05-630
                              )
STATE FARM FIRE AND CASUALTY        )
COMPANY, MIKE DEVERS, et al.,       )
                              )
    Defendants.               )

## ANSWER FOR DEFENDANT
## STATE FARM FIRE AND CASUALTY COMPANY

COMES NOW Defendant, State Farm Fire and Casualty Company, (hereinafter "State Farm"), and  for Answer to the Complaint and each count thereof, separately and severally, heretofore filed in this cause, defends, separately and severally, as follows:

### FIRST DEFENSE

Defendant State Farm alleges that Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Defendant State Farm pleads the general issue and denies each and every material allegation of the Complaint not herein admitted and demands strict proof thereof.

### THIRD DEFENSE

Defendant State Farm affirmatively avers that Plaintiffs' policy of insurance is the  the best evidence of its contents and is pled herein as though copied herein in its entirety.  Defendant State Farm specifically denies any allegations which tend to contradict, contravene or enlarge upon the terms, conditions, exclusions or limitations of said policy.

### FOURTH DEFENSE

Defendant State Farm affirmatively denies that it is estopped from asserting any conditions precedent, conditions subsequent, or coverage as affirmative defenses to the Plaintiffs' claims.

### FIFTH DEFENSE

Defendant State Farm affirmatively pleads all conditions precedent, conditions subsequent, exclusions and limitations set forth in the policy and coverage as a defense to the Plaintiffs' claims.

### SIXTH DEFENSE

Defendant State Farm affirmatively denies that it has breached the contract of insurance as alleged and demands strict proof thereof.

### SEVENTH DEFENSE

Defendant State Farm affirmatively denies that it nor any of its agents, servants or employees are guilty of any bad faith in their conduct dealing with Plaintiff and demand strict proof thereof.

### EIGHTH DEFENSE

Defendant State Farm affirmatively denies the existence of any error or bad judgment in any way connected with the handling of Plaintiffs' claim and in any decision which might have been made to dispute any coverages under the insurance contract.

### NINTH DEFENSE

Defendant State Farm affirmatively avers that at no time has it intentionally refused to pay those portions of the claim submitted by Plaintiff covered under the policy of insurance in existence at the time of the loss.

-2-

## TENTH DEFENSE

Defendant State Farm affirmatively avers that there exists a lawful basis upon which to refuse payment on a portion of the claim submitted by Plaintiffs.

## ELEVENTH DEFENSE

Defendant State Farm affirmatively denies any intentional failure to perform any duty implied by law of good faith and fair dealing with Plaintiffs.

## TWELFTH DEFENSE

Defendant State Farm affirmatively avers there was no absence of a legitimate or arguable reason for the denial of benefits claimed under the policy by Plaintiffs.

## THIRTEENTH DEFENSE

Defendant State Farm affirmatively avers that there was no intentional failure to determine whether there was any lawful basis for refusal to pay any portion of benefits, and further Defendant State Farm is unaware of a conscious doing of any wrong in the adjustment of said claim.

## FOURTEENTH DEFENSE

Defendant State Farm denies that Plaintiff was injured to the nature and extent claimed and contests damages.

## FIFTEENTH DEFENSE

Defendant State Farm denies that it is guilty of any conduct which would entitle Plaintiff to recover punitive damages.

## SIXTEENTH DEFENSE

Defendant State Farm avers that any award of punitive damages to Plaintiff in this case will be violative of the constitutional safeguards provided to Defendant under the Constitution of the State

of Alabama.

### SEVENTEENTH DEFENSE

Defendant State Farm affirmatively avers that any award of punitive damages to Plaintiff in this case will be violative of the constitutional safeguards provided to Defendant under the Constitution of the United States of America.

### EIGHTEENTH DEFENSE

Defendant State Farm affirmatively avers that any award of punitive damages to Plaintiff in this case will be violative of the constitutional safeguards provided to Defendant under the due process clause of the Fourteenth Amendment to the Constitution of the United States.

### NINETEENTH DEFENSE

Defendant State Farm avers that any award of punitive damages to Plaintiff in this case will be violative of the procedural safeguards provided to Defendant under the Sixth Amendment to the Constitution of the United States.

### TWENTIETH DEFENSE

Plaintiffs' claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States on the following grounds:

(a)    It is a violation of the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff's satisfying a burden of proof which is less than "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)    The procedures pursuant to which punitive damages are awarded may result in an award of joint and several judgments against multiple defendants for different alleged acts of

-4-

wrongdoing, which infringes upon the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution;

(c)   The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against a defendant, which thereby violates the due process clause of the Fourteenth Amendment of the United States Constitution;

(d)   The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e)   The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the equal protection clause of the Fourteenth Amendment of the United States Constitution;

(f)   The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes upon the due process clause of the Fifth and Fourteenth Amendments and the equal protection clause of the Fourteenth Amendment of the United States Constitution.

### TWENTY-FIRST DEFENSE

Plaintiffs' claim of punitive damages violates the due process clause of Article I, § 6 of the Constitution of Alabama for the same grounds as stated above.

### TWENTY-SECOND DEFENSE

Any award of punitive damages to Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the

-5-

United States Constitution.

## TWENTY-THIRD DEFENSE

Any award of punitive damages against Defendant in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article 1, § 22 of the Constitution of Alabama.

## TWENTY-FOURTH DEFENSE

The Complaint fails to state a claim for punitive damages under §§ 6-11-20 to 6-11-30 *Ala. Code* (1975), and is barred.

## TWENTY-FIFTH DEFENSE

Any award of punitive damages against Defendant in this action would violate the due process clause of the United States Constitution, in accordance with the decisions of the United States Supreme Court in *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. ____, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (April 7, 2003), *BMW v. Gore*, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996), *Coopers Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 121 S. Ct. 1678 (2001) and the Alabama Supreme Court in *BMW v. Gore*, 701 So.2d 507 (Ala. 1997) on various grounds including the following:

(a)     It is a violation of this Defendant's rights to due process to impose punitive damages to deter future misconduct, where less drastic remedies could achieve this goal;

(b)     It is a violation of due process to subject this Defendant to punitive damages without providing this Defendant fair notice of the conduct that will subject it to punishment and the severity of the penalty that may be imposed;

(c)     It is a violation of due process to punish this Defendant with the intent of

-6-

changing its lawful conduct in other states; and

(d)    It is a violation of this Defendant's rights to due process to impose punitive

damages which are grossly excessive.

### TWENTY-SIXTH DEFENSE

Defendant State Farm avers that the amended version of Alabama Code § 6-11-21 (1975),

enacted in June, 1999, is applicable to the award of any punitive damages in this matter.

**MICHAEL B. BEERS [BEE006]**
**CONSTANCE T. BUCKALEW [BUC015]**
**ANGELA C. TAYLOR [TAY062]**
Attorneys for Defendants State Farm Fire and
Casualty Company and Mike Devers

**Of Counsel:**

BEERS, ANDERSON, JACKSON,
  PATTY & VAN HEEST, P.C.
P. O. Box 1988
Montgomery, Alabama  36102-1988
TEL:  (334) 834-5311
FAX:  (334) 834-5362

-7-

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing **ANSWER FOR DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY** has been served upon all parties to this action by depositing a copy of same in the U.S. Mail, postage prepaid, addressed as follows:

Clifford W. Cleveland, II, Esq.
**CLEVELAND & COLLEY, P.C.**
Post Office Box 680689
Prattville, Alabama 36068

on this the ____ day of APRIL, 2005.

Of Counsel

**-8-**

# IN THE CIRCUIT COURT OF
## MONTGOMERY COUNTY, ALABAMA

Robert E. & Patricia,    Hill
        Plaintiff (s),

vs.                                    CASE NO.CV-2005-0630-PR

State Farm Casualty Co., et. al,
        Defendant (s).

## ORDER

The above-styled matter comes before the Court on Defendants', Mike Evers

and State Farm Casualty Co., MOTION TO DISMISS. Upon consideration of the same,

the Court finds that the MOTION is hereby RESET for HEARING on January 9, 2006 at

8:30 a.m. in courtroom 4C.

Done this the 12 DEC 2005.

_____
CHARLES PRICE, Circuit Judge

cc:    Clifford "Chip" W. Cleveland, II
       ✓Michael Jackson

FILED
CIRCUIT COURT OF
MONTGOMERY COUNTY
2005 DEC 13  AM 10: 51

ROBERT E. HILL
and PATRICIA L. HILL,

    Plaintiffs,

vs.

STATE FARM FIRE AND CASUALTY
COMPANY, MIKE DEVERS, et al.

    Defendants.

IN THE CIRCUIT COURT OF

MONTGOMERY COUNTY, ALABAMA

CASE NO. CV-05-630

## PLAINTIFFS' RESPONSE TO DEFENDANT DEVERS AND STATE FARMS' MOTION TO PLEAD COUNT THREE WITH PARTICULARITY

COME NOW the Plaintiffs, by and through undersigned counsel, and hereby respond to the above motions asserted by the Defendants and would thus state as follows:

As to the issue of whether or not the Plaintiffs plead with particularity their fraud cause of action, as so required by *Rule 9(b)* of the *Alabama Rules of Civil Procedure,* the Plaintiffs' obviously opine they have met the procedural requirements. It should be noted *9(b)* does not require that conditions of the mind, such as malice, intent or knowledge, be specifically plead but rather such can be generally plead. *See 9(b) Committee Comments.* The Rule requiring fraud to be stated with particularity does not require every element to be stated with particularity but rather the pleader can not use generalized conclusionary statements. *Robinson vs Allstate. 399 So. 2nd 288 (1981); see also Committee Comment* In *Patrick vs. Arns, 454 So. 2nd 1015 (Ala. Civ. App. 1984)* it was held the complaint properly stated a claim for fraud in regards to the purchase of a truck wherein the date the truck broke down, description of the truck, as well as other facts were particularly plead. Similarly, in the case of *Winn Dixie Montgomery, Inc. vs. Henderson, 371 So. 2nd 899 (1979),* it was held the complaint met the particularity requirement of fraud in that enough pertinent facts were alleged so as to alert the employer to the time and

circumstances of the misrepresentation as well as the contents of the false statements relating to such..

In the case at hand, it is the Defendants which have all the information relating to the allegations set forth by the Plaintiffs, as specifically related to the insurance policy. For example, within the Complaint, the Defendants are placed on notice in paragraph one (1), as to the names of the Plaintiffs. In paragraph nine (9), the exact insurance policy number is provided. In paragraph ten (10), the Plaintiffs provided two (2) specific dates when their home suffered damage. Paragraph eleven (11) details the Plaintiffs placing the Defendants on notice as to the damages but does not provide an exact date as to when this took place. However, the Defendants' claim file should represent the same. The claim file has not been provided to the Plaintiffs so as to allow them, if necessary, to amend the Complaint so as to conform to the evidence. In paragraph thirteen (13), the Plaintiffs state the amount of money they had to pay a contractor to replace the damaged roof which, in their opinion, should have been covered under the policy. Later on in the Complaint, the Plaintiffs specifically notify the Defendants as to the fact the Plaintiffs are seeking a cause of action for fraud. *(Generally see paragraphs twenty three (23) thru twenty seven (27) of the Complaint).* In particular, the Plaintiffs state the misrepresentations took place when they purchased the above policy and when the Plaintiffs had communications with the Defendants about the claims they were asserting in regards to their roof being damaged. Again, this is information not readily available to the Plaintiffs but rather the Defendants do or should have this type of information.

The Plaintiffs have met the requirements set forth by Rule *9(b)* as well as the above recited case law. Still, there has been much debate over what is the proper way to handle this type of issue. Some Courts have held a motion for more definite statement is the proper method.

However, others have stated such a motion should only be granted when "a party can not reasonably be required to frame a responsive pleading" *Alabama Rules of Civil Procedure annotated, p. 150 Second Edition, Champ Lyons Jr. (1986).* The real solution may be found from the following treatise, *5 Wright and Miller, Federal Practice and Procedure, Section 1300, p.425 (1969)*, which states as follows:

> "The multiplicity of viewpoints as to the method for enforcing the particularity requirement really reflects the number of elements that enter into the justification for the special pleading rule itself. Viewed from this perspective, the heart of the question is not whether enforcement should be by dismissal or by motion for a more definite statement. Rather, the key is to ensure that an attack on allegations of fraud or mistake, no matter what form it may take, is permitted only when absolutely necessary to effectuate the purposes and safeguard the integrity of the particularity requirement in Rule 9(b). Accordingly, challenges should be limited to instances in which there is a clear justification for imposing a higher pleading burden then is set forth in Rule 8(a). This approach, coupled with a **liberal amendment policy,** will guarantee that there are a minimal number of purely technical pleading attacks under Rule 9(b) and that few non-meritorious dismissals result; at the same time it will preserve the rational that underlies the Rule 9(b) requirement that fraud and mistake be pleaded with particularity. **(with emphasis)**

Here, both parties can argue their position, but yet it is the Court which obviously must make the final determination. The Plaintiffs contend they have properly plead with particularity. Interestingly, Defendant State Farm has even filed an Answer. Based upon the present set of facts and circumstances surrounding this matter, the Defendants' Motions are due to be denied.

WHEREFORE THE ABOVE PREMISES CONSIDERED, the Plaintiffs would move the Court to deny the Defendants' Motions.

RESPECTFULLY SUBMITTED THIS THE _5th_ DAY OF JANUARY, 2006.

By: _____

Clifford "Chip" W. Cleveland, II (CLE025)
One of the Attorneys for the Plaintiffs

OF COUNSEL:
CLEVELAND & COLLEY, P.C.
POST OFFICE BOX 680689
PRATTVILLE, ALABAMA 36068
(334) 365-1500

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing by placing a copy of same in the United States Mail, postage prepaid and properly addressed this the _____ day of January, 2006 to:

Michael S. Jackson, Esquire
**BEERS, ANDERSON, JACKSON,**
**PATTY & VAN HEEST**
P.O. Box 1988
Montgomery, AL 36102-1988

_____
OF COUNSEL