IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBERT E. HILL, and PATRICIA L. HILL, Plaintiffs, | ) ) ) ) |
| vs. | ) ) Case No. 2:06CV218-D ) |
| STATE FARM FIRE AND CASUALTY COMPANY, MIKE DEVERS, et al., Defendants. | ) ) ) ) ) |

## DEFENDANT MIKE DEVERS' MOTION TO DISMISS

COMES NOW Defendant Mike Devers, (hereinafter "Devers"), and moves this Court to dismiss him from this action pursuant to Rule 12(b)(6), *Alabama Rules of Civil Procedure*. Plaintiffs' Complaint fails to state a claim against Devers upon which relief can be granted. Plaintiffs can prove no set of facts in support of their allegations which would entitle them to relief against Devers. In support thereof, Defendant Devers states as follows:

### I. INTRODUCTION

Plaintiffs' Complaint arises from their submission of two insurance claims to State Farm Fire and Casualty Company regarding storm damage to their home on or about April 25, 2003, and September 16, 2004. Plaintiffs' Complaint makes allegations against Defendants State Farm, Devers, and fictious defendants A, B, C, D, E and F for: Count I: breach of contract, Count II: bad faith, Count III: fraud, and Count IV: negligence/wantonness against all defendants separately and severally. By joint motion of the parties, Defendant Devers has been dismissed by the Circuit Court of Montgomery County, Alabama from Counts I, II, and IV. The only allegation which remains against Defendant Devers is for fraud. Defendant State Farm and Devers filed a Motion

to Plead Count III with particularity on April 4, 2005. Subsequent to a hearing on this motion, Plaintiffs filed an Amended Complaint on February 28, 2006, setting forth the basis of their fraud claim against Devers. As will be demonstrated below, even when this allegations is viewed most strongly in Plaintiffs' favor, Defendant Devers contends that there is no circumstance which would entitle Plaintiffs to relief against him.

## II. ARGUMENT

### A. MOTION TO DISMISS STANDARD

This Court is well acquainted with the standard of review in considering motions to dismiss pursuant to Rule 12(b) of the FEDERAL RULES OF CIVIL PROCEDURE, such that the standard need not be repeated in detail here. Suffice it to say, "Dismissal of a complaint under Rule 12(b)(6) for failure to state a claim is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Blackston v. State of Ala.*, 30 F.2d 117, 120 (11th Cir. 1994) quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). *See also Cannon v. Macon Co.*, 1 F.3d 1558 (11th Cir. 1993). Therefore, dismissal is appropriate where, under any set of facts which could be proven, Plaintiffs would be entitled to no relief. *See e.g., Hartford Fire Ins. Co. v. California*, 113 S.Ct. 2891, 125 L.Ed.2d 612 (1993), *on remand In re Insurance AntiTrust Litigation*, 5 F.3d 1556 (1994); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Woods v. Internal Revenue Service*, 3 F.3d 403 (11th Cir. 1993); *Madison v. United States*, 752 F.2d 607 (11th Cir. 1985). Counts Two, Three, Five and Six of Plaintiffs' Complaint fails to state any claim against Defendant Devers which would allow Plaintiff to recover under the law.

II.     **Plaintiffs Admit They Received A Policy With the Same Coverage Devers Represented**

Plaintiffs Complaint alleges fraud against Devers but states no facts in support thereof. Plaintiffs' Amended Complaint states:

> Upon the Plaintiffs making contact with Defendant Devers so as to purchase a homeowners policy, it was represented to them by and through that agency the policy they were purchasing would cover their home in the event of, for example, hail and wind damage. After paying the first premium, the Plaintiffs received a homeowner's policy which provided coverage for these damages suffered by the Plaintiffs found herein.

Plaintiffs continue to allege that despite the terms of the policy, State Farm has failed to adhere to its terms by refusing to replace Plaintiffs' roof. Id. Plaintiffs claim "This is in direct contradiction with the representations made to the Plaintiffs which thus induced them to purchase the policy." Id.

Alabama jurisprudence has clearly established the requisite elements for a claim of fraud. Party alleging fraud by misrepresentation must prove four elements: (1) that the defendant made a false representation concerning an existing material fact; (2) that the defendant made that misrepresentation while knowing that it was false, or made it recklessly, or made it with no knowledge as to its truth or falsity; (3) that the plaintiff reasonably relied on the misrepresentation; and (4) that the plaintiff incurred damage proximately caused by the reliance. Luck v. Primus Automotive Financial Services, Inc., 763 So.2d 243, 245-246 (Ala.,2000) However, Alabama law has further established that if the alleged representations as to coverage and payment for covered losses are in fact true, there is no false statement and there can be no misrepresentation as a matter of fact and law. *See S & W Properties, Inc. v. American Motorist Ins.*, Co., 668 So. 2d 529, 530 (Ala. 1995) (where policy provides exactly what it was represented to provide, plaintiff cannot

prove "the first element of a fraud claim: a misrepresentation"). Alabama courts have ruled that if a policy provides what it says it will provide the failure to perform in accordance with the language is not necessarily a false representation as to policy benefits. *See St. Clair Federal Savings Bank v. Rozelle*, 653 So. 2d 986, 987 (Ala. 1991) (quoting *First Bank of Boaz v. Fielder*, 590 So. 2d 893, 897 (Ala. 1991) and other cases (the failure to perform in accordance with the terms of a contract does not of itself support a claim of fraud; if it did, "'a mere breach of contract would be tantamount to fraud'"). *Massey Automotive, Inc. v. Norris*, 895 So.2d 215 (Ala.2004).

Plaintiffs cannot establish the first element of a fraud claim against Devers, a mispresentation. Plaintiffs' Amended Complaint states that they purchased a homeowner's insurance policy from Devers which was to cover damage caused by wind or hail. The very next sentence of their Amended Complaint negates any misrepresentation by Devers. "The Plaintiffs received a homeowner's policy which provided coverage for these damages..." Id at ¶ 33. Defendant Devers is an independent agent for State Farm. His job entails the procurement of insurance policies for his customers. He does not handle the valuation or acceptance of claims. This is handled by a completely different department within State Farm. Devers has no authority when it comes to paying a customer for their insurance claim. He represented to the Plaintiffs that he would secure a policy for them which covered hail and wind damage to their home. By Plaintiffs' own admission, he procured that very policy. The policy issued to Plaintiffs does cover both wind and hail damage. As such, viewing the evidence in the light most favorable to the Plaintiffs, by their own admission, they can point to no misrepresentation made by Defendant Devers. Therefore, Devers is due to be dismissed as a matter of law.

## CONCLUSION

Defendant Devers is an independent contractor who sells and services State Farm Fire and Casualty Company products. By Plaintiffs' own admission, Devers procured the very coverage for them that he represented. They make no allegation of any misrepresentation because Devers provided exactly what he represented he would provide. As such, Plaintiffs are incapable of satisfying a claim against Devers for fraud and he is due to be dismissed as a matter of law.

                                                             MICHAEL B. BEERS [BEE006]
                                                             MICHEAL S. JACKSON [JACKM8173]
                                                             Attorneys for Defendants State Farm Fire and Casualty Company and Mike Devers

**Of Counsel:**
BEERS, ANDERSON, JACKSON,
  PATTY & VAN HEEST, P.C.
P. O. Box 1988
Montgomery, Alabama 36102-1988
TEL: (334) 834-5311
FAX: (334) 834-5362

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing **DEFENDANT MIKE DEVERS' MOTION TO DISMISS** has been served upon all parties to this action by depositing a copy of same in the U.S. Mail, postage prepaid, addressed as follows:

Clifford W. Cleveland, II, Esq.
**CLEVELAND & COLLEY, P.C.**
Post Office Box 680689
Prattville, Alabama 36068

on this the 7th day of March, 2006.

                                                            Of Counsel