IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBERT E. HILL and PATRICIA L. HILL, | * * * |
| Plaintiffs, | * * |
| vs. | CASE NO. 2:06-CV-218-SID * * |
| STATE FARM FIRE AND CASUALTY COMPANY, MIKE DEVERS, et al. | * * * |
| Defendants. | * |

### MOTION TO REMAND

COME NOW the Plaintiffs, by and through undersigned counsel, and hereby move this Court to remand this matter and as grounds therefore would state as follows:

1. As stated time and time again, federal courts are courts of limited jurisdiction, "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999). Generally, federal case law has determined that removal statutes are to be strictly construed in order not to infringe upon state sovereignty. *Shamrock Oil & Gas Corp. v. Sheets*, 61 S.Ct. 868, 872 (1941).

2. Due to the fact federal courts have limited jurisdiction, a defendant's right to remove a case is not on equal footing as a plaintiff's right to choose a forum; thus, uncertainties are to be resolved in favor of a remand. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). It is the Defendant which carries the heavy burden of demonstrating that removal is jurisdictionally proper. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921).

3. It has long been held the Plaintiff is to be the master of his own claim. Based upon this long-standing tradition, the Plaintiffs here selected the Circuit Court of Montgomery County for the filing of the complaint. This was done in accordance with the *Code of Alabama* (1975) §6-3-7 (1975) which states in essence a cooperation may be sued in the county where a substantial part of the events or omissions occurred or where the real property is situated plus in the county where the Plaintiff resided. Here, Defendant State Farm is a foreign domestic corporation, conducts business in Montgomery County, Al., through its agent(s) and the Plaintiffs resided in Montgomery County, Al. The Defendants even admit the agent, Mike Devers, is a resident citizen of Alabama (See Page 3 of the Notice of Removal) and thus diversity of citizenship should not be an issue.

4. In cases similar to the one at hand, where multiple defendants are present, the defendants must first meet all applicable procedural requirements in order to properly remove a case. In particular, 28 U.S.C.S., §1446(a) in essence states that each defendant is to file a notice of removal either independently or by unambiguously joining in or consenting to another defendant's notice, within the thirty (30) day period following service of process.

5. In paragraph sixteen (16) of the Notice of Removal, the Defendants state, "All Defendants have consented to and join in this removal as required by 28 U.S.C. §1146 (b)." Although it sounds as if all Defendants are in agreement with this removal, federal case law has clearly held these exact steps taken are procedurally improper. The case of *Miles v. Kilgore*, 928 F. Supp. 1071, 1076-77 (N.D. Ala. 1996) held that, "… although each defendant does not have to actually sign the notice of removal, the solemnity and formality of federal district court practice, 28 U.S.C.S. §1446(a) and Rule 11(a), *Fd.R.Civ.P.*, requires that there be some timely filed written document evidencing either joinder in or consent to the removal from each served co-

defendant to the removal. Moreover, Rule 11 of the *Federal Rules of Civil Procedure* does not authorize one party to make representations or file pleadings on behalf of another."

6.  In the case at hand, one Defendant has attempted to make representations for another. These actions clearly violate federal case law and thus constitute an improper removal. Plaintiffs are aware of no timely filed written indication from a defendant which would indicate the intention of being bound to this removal. The only indication Plaintiffs have that the other defendant consents to the removal is through those representations made presumably by Defendant State Farm or Defendant Devers. One Defendant is attempting to ride the coat tail of another. Any attempts by the other Defendant to now formally consent to the removal would be procedurally improper as well as show this court that a properly executed written consent should have been filed within the thirty (30) day period following service of process. Based upon these facts, the removal is procedurally improper and to be denied. Assuming arguendo this requirement has been met, the Plaintiffs provide other justification to support their motion.

7.  There has also been a failure to substantiate the notice of removal based upon additional grounds as well. In the case at hand, no damages were specified in the complaint which is analogous to the case of *Tapscott v. M. S. Dealer Service Corp.,* 77 F.3d 1353, 1356 (11th Cir. 1996) where it was determined a defendant must prove by a "preponderance of the evidence" that the amount in controversy more likely than not exceeds the $75,000.00 jurisdictional requirement.

8.  A Court may consider a Plaintiff's request for punitive damages in determining whether an amount exceeds $75,000.00 as long as such an assessment is rendered based upon cases of the same type of suit. *Bolling v. Union National Life, Inc., Co.,* 900 F. Supp. 400, 404 (M. D. Ala. 1995). However, there have been **no** cases cited by a Defendant giving this court

examples of other similar cases resulting in a judgment in excess of $75,000.00. It is clear the Plaintiffs allege an amount in controversy in excess of $75,000.00 but each Defendant has failed to show evidence supporting the claims set forth in paragraph twelve (12) (i.e. controversy exceeds $75,000.00) of the Notice of Removal and thus have failed to meet the "preponderance of the evidence" test. Most of the time, Defendants will refer to other cases where a Plaintiff obtained a verdict in excess of $75,000.00. Here, not only was there a failure to do so in reference to a similar case filed in Montgomery County, Alabama but rather no case at all within Alabama was referenced. It is not the Plaintiff's burden to do so. In *Lowe's OK'D Used Cars, Inc., et al. v. Acceptance Insurance, Co.*, 97-D-1609-N (United States District Court for the Middle District of Alabama, Northern Division) Judge DeMent went to great detail analyzing this very issue. There, the Plaintiffs did not claim damages for less than $75,000.00, the same as in the case at bar, but Judge DeMent still ordered the case to removed. (See Exhibit A). Assuming the Defendants have met the required burden, the Plaintiffs have offered sufficient evidence in rebuttal. This includes the Plaintiffs pointing out that no "similar" cases have been referenced and the cost to re-roof the home, as referenced in paragraph eleven (11) of the Notice of Removal, was only $7,660.00.

9.   The Plaintiff would also show the cases of *BMW v. Gore,* 116 U.S. 1589 (U.S. 1996) and *Life of Georgia v. Daisy Johnson,* 701 So. 2d. 524 (1997), have established a review process to ensure that Defendants are in fact afforded due process. In particular, the *Life of Georgia* case held the judicial review required by the United States Supreme Court in *BMW v. Gore* coupled with those procedures already established by the Alabama Supreme Court in the cases of *Hammond* and *Green* are "…sufficient safeguards to assure that no tort-feasor found by a jury to merit punishment by an award of punitive damages is denied due process". Now that

tort reform has passed, additional safeguards are found within the *Code of Alabama* (1975) § 6-11-1 et seq.

10. It has been stated in an Answer that the awarding of punitive damages is unconstitutional and therefore to be denied. Based upon this line of reasoning, the Defendants do not have the liberty to assert that the awarding of punitive damages are unconstitutional but then in the alternative, use the awarding of punitive damages to substantiate their Notice of Removal. Plaintiffs would show the Defendants are attempting to deny them an opportunity to collect punitive damages by way of an "Answer" but yet using this avenue as a basis to remove this matter.

11. It has also been stated the Plaintiffs fraudulently joined Defendant Devers. Since fraudulent joinder has been raised, it should be duly noted the removing party bears the burden of proving by clear and convincing evidence the joinder was fraudulent. *Pacheco de Perey v. AT&T Co.*, 139 F.3d. 1368, 1380 (11th Cir.1998). In order to establish fraudulent joinder, the removing party must show either (a) "there is no possibility the Plaintiff would be able to establish a cause of action against an in state Defendant (b) there has been outright fraud in the Plaintiff's pleading of jurisdictional facts. Furthermore, ... if there is even a **possibility** that a state court would find that the complaint states a cause of action against any one of the resident Defendants, the federal court must find that the joinder was proper and remand....". *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983).

The difficulty of establishing fraudulent joinder is seen in the case of *Crowe v. Coleman.*

> When considering a motion for remand [opposing claims of fraudulent joinder], *federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law.* If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that

joinder was proper and remand the case to state court. (italics added)

*Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (quoting *Coker v. Amoco Oil Co.*, 709 F2d 1433, 1440-41 (11th Cir. 1983)).

12. The issue of fraudulent joinder and the arguments supporting the same are meritless and baseless. The law in Alabama is clear that an agent, as in this type of case, can be properly named as a Defendant. This case is certainly not one of first impression. It is undisputed Defendant Devers was serving as an agent for Defendant State Farm and sold the Plaintiffs the insurance policy at question. The *Alabama Pattern of Jury Instruction Civil*, 2nd Edition, (1993) has even set out a chapter dealing directly with "Agency". It is Chapter three (3) that details the relationship between a principal and an agent, and in particular, 3.05 states there can be no recovery against the principal unless there is recovery against the agent. The Chapter goes on to say in 3.06 that a principal is liable to others for the negligence of its agent. In this case, there is no evidence that Defendant Devers was acting outside the line of scope of his agency. Attached hereto as Exhibit B is a West Law search related to the liability of insurance agents in fraud cases. This is not to say every agent is culpable, but rather show this Court the Plaintiffs' fraud cause of action is not fraudulent. Thus, the Defendants have not met their burden. The arguments set forth by the Defendants in paragraph eight (8) of the Notice of Removal are evidence that a question of fact does exist. Not only were the Plaintiffs defrauded by and through the actions of the agent, Devers, but as well as through the insurance policy itself. The Plaintiff's home suffered severe hail damage and an unbiased home inspector informed them of such when they were attempting to sell their home. As a result of the hail damage, the Plaintiffs had to put a new roof on their home before it could be sold. It is the hail damage which the Plaintiffs contend both Defendants assured them, by and through their actions, the insurance

policy would cover. It should be further noted that not only was Defendant Devers sued for fraud, but was also sued for other reasons as well. Counsel for the parties attended a Circuit Court hearing wherein Judge Price stated he would enter a ruling on the pending motions asserted by the Defendants. However, he never ruled and thus upon this case being removed, all cause of actions against Defendant Devers were still viable. For Defense counsel to raise the point the Circuit Court of Montgomery was going to enter an Order but never did simply will not suffice. According to the *Alabama Rules of Civil Procedure,* in order for a cause of action, case or any other type of pleading to be dismissed, then the same must be reduced to writing ( i.e. in the form of an Order).

13.   This case was filed by the Plaintiffs on March 8th, 2005. The Notice of Removal did not take place until March 7th, 2006. It is argued by the Defendants the Notice of Removal was filed within thirty (30) days of service of process of the Amended Complaint and within one year of the original filing. They referenced, the law found within 28 U.S.C. §1446 (b). However, Plaintiffs' counsel has a different interpretation of said statute. In particular §1446(b), first paragraph, reads as follows:

> The notice of removal of a civil action or proceeding shall be filed within thirty (30) days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty (30) days after the service of summons upon the Defendant if such initial pleading has then been filed in court and is not required to be served on the Defendant, whichever period is shorter.

In the case at hand, Defendant Devers has always been named as a Defendant. The Circuit Court of Montgomery County ordered the Plaintiff to amend the Complaint so as to plead with more particularity or with greater specify as to the allegations of fraud. This was done and no new

summons was needed because no new Defendant was added. The Defendants failed to meet the time requirements set forth by the federal removal statute. This case should have been removed within thirty (30) days of the initial filing and not after an Amended Complaint was filed where no new party was added but rather one particular claim was modified.

14.     Issues which may allow this matter to be removed to federal court have been presented but they fall short. The Plaintiffs would show that not one case has been supplied to substantiate the position the amount in controversy more likely than not exceeds $75,000.00. Also, based upon the recent developments in both Federal and State case law and statutory law, the Defendants are certainly provided with a much stronger safeguard to protect their due process rights. Furthermore, they have failed to meet the heavy burden of showing by a "preponderance of the evidence" that large punitive damages would in fact be awarded in the case at hand. It should also be noted the Defendants have failed to prove the Plaintiffs fraudulently joined a party to this matter. Fraud claims against insurance agents are so common that without a doubt, there is a "possibility" a state court could find a viable cause of action against Defendant Devers. Thus, there is incomplete diversity in this matter.

15.     Lastly, a very compelling reason to deny the Notice of Removal is that the procedural requirements set forth by 28 U.S.C.S. §1446 (a) have not been met. It is clear a Defendant cannot make representations on the behalf of another Defendant. There is no evidence to support the contention that the "other" Defendant consents to this removal. The other Defendant has failed to properly respond by way of a filed written consent with the Notice of Removal and thus this Court should remand this matter back to the Circuit Court of Montgomery County, Alabama, for this reason alone. It should be further noted the Plaintiffs

would request this Court to provide them an opportunity to respond to any of the Defendants' responses in opposition to Plaintiffs' Motion to Remand.

16. Time and time again, federal courts are much more willing to hold a parties "feet to the fire" when it comes time to tax costs. This case should be no different. The Plaintiffs are entitled to receive costs, expenses and attorneys fee incurred because of the Defendants improvident removal. Both section 28 U.S.C. 1447 (c) and Rule 11 of the *Federal Rules of Civil Procedure* allow for the payment of "just costs and actual expenses, including attorney fees," when a parties averments are not well grounded in fact and/or warranted by law. Presumably, it was not counsel for the Defendants that believed it best to file the Notice of Removal but rather the Defendants themselves. Therefore, the Plaintiffs specifically request that costs be taxed against the Defendants, not their counsel which were working under their directive. Here, the Notice of Removal was not "well grounded in fact" nor "warranted by existing law or a good faith argument for a change in existing law". The Notice of Removal was not timely filed and clearly the Complaint does not contain a Defendant who was fraudulently joined. Furthermore, the language of 28 U.S.C. § 1447 (c) does not require bad faith as a precondition to an award of costs and attorneys fees. See also *News-Texan, Inc., v. City of Garland*, Texas 814 F.2d 216(5th Cir. 1987). To the contrary, the Defendants ignored existing, crystal clear law and instructed their counsel to move forward in an improper manner and such actions are actionable under Rule 11 and 28 U.S.C. § 1447 (c). See *Upgraded Corp v. Saint Regis Paper Co.*, 417 F. Supp. 21(N.D. Ill. 1975). Attached hereto is Plaintiffs summary of fees and costs (see attached Exhibit C).

WHEREFORE THE ABOVE PREMISES CONSIDERED, the Plaintiffs respectfully pray this Court will remand this action back to the Circuit Court of Montgomery County, Alabama.

RESPECTFULLY SUBMITTED THIS THE __6__ DAY OF APRIL, 2006.

By: _____
Chip Cleveland (CLE025)
Attorney for the Plaintiffs

OF COUNSEL:
CLEVELAND & COLLEY, P.C.
POST OFFICE BOX 680689
PRATTVILLE, ALABAMA 36068
(334) 365-1500

### CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing by placing a copy of same in the United States Mail, postage prepaid and properly addressed this the __6__ day of April, 2006, to:

Michael S. Jackson, Esquire
**BEERS, ANDERSON, JACKSON, PATTY & VAN HEEST**
P.O. Box 1988
Montgomery, AL 36102-1988

_____
Of Counsel