# EXHIBIT B

**Did You Mean:** *liability* of insurance agent in fraud

**Results:** 20 Documents

🖨 QUICK PRINT　　🖨 PRINT　　✉ EMAIL　　▾ OTHER

☞ SELECT TO PRINT, EMAIL, ETC.

**ResultsPlus**ˢᵐ　　About

☐ ▷ **1. Crowne Investments, Inc. v. Bryant,**
638 So.2d 873, Ala., Mar 25, 1994

...**fraud** claim. Code 1975, § 6-5-101. [8] 217 **Insurance** 217XI **Agents** and Agency 217XI(D) **Agents** for Applicants or **Insureds** 217k1655 k. In General. (Formerly 217k92.1) **Insurance agent's** alleged misrepresentation, in telling future beneficiary that life **insurance** was "guaranteed issue," was not proximate cause of **insurer's** subsequent refusal to pay benefits upon **insured's** death due to misrepresentation on policy application that **insured** had not been treated for cancer in past three years, so as to support beneficiaries' **fraud** claim against **agent**, where **insured's** misrepresentations about his cancer treatments, rather than any representation by **agent**, prompted **insurer's** refusal to pay death benefits and **insured's** deception was sole proximate cause of beneficiaries' loss. Code 1975, § 6-5-101. [9] 184 **Fraud** 184I Deception Constituting **Fraud**, and Liability Therefor 184k25 k. Injury and Causation. For purposes of **fraud** ...

**ALR**
1. Liability of insurance broker or agent to insured for failure to procure insurance

**ALR**
2. Liability of insurance agent or broker on ground of inadequacy of liability insurance coverage procured

**Corpus Juris Secundum: Agency**
3. Loyalty and Good Faith, In General, Fraud

☐ ▷ **2. Washington Nat. Ins. Co. v. Strickland,**
491 So.2d 872, Ala., Dec 20, 1985

...**Insurance** 217XI **Agents** and Agency 217XI(C) **Agents** for Insurers 217k1632 Scope and Extent of Agency 217k1634 Contracts 217k1634(2) k. General or Special **Agents**. (Formerly 217k129(2)) A general **agent** has full power to bind the insurer to the **agent's** contract of **insurance** or to issue policies or to accept risks; his fraudulent act is the fraudulent act of his insurer principal as well. [4] 308 Principal and **Agent** 308III Rights and Liabilities as to Third Persons 308III(A) Powers of **Agent** 308k91 Representation of Principal 308k94 k. Special Agency. A "special **agent**" as distinguished from a "general **agent**," is authorized to act for the principal only in a particular transaction, or in a particular way. [5] 217 **Insurance** 217XI **Agents** and Agency 217XI (C) **Agents** for Insurers 217k1632 Scope and Extent of Agency 217k1634 Contracts 217k1634(3) k. Soliciting **Agents**. (Formerly 217k129(2)) A "soliciting **agent**" is different from a general **agent** in that he...

**ALR**
4. Liability of insurance agent or broker on ground of inadequacy of property insurance coverage procured

**Am.Jur.2d: Insurance**
5. Criminal Offenses; Prosecutions; Practice and Procedure, Offenses and Prosecutions, Insurance Faud--Elements

**Corpus Juris Secundum: Insurance**
6. Control, Regulation, and Supervision, Penalties for Violations of Regulations; Offenses, Offenses--by Other Persons

☐ Ⓗ **3. Nichols v. Life Ins. Co. of Georgia,**
701 So.2d 1126, Ala.Civ.App., May 23, 1997

...**Insurance**. Summary judgment record did not support finding that employees knew nature of **insurance** and retirement benefits they were purchasing from life **insurer's agents** who were setting up "cafeteria plan" for employer, and thus precluded ruling that insurer and **agents** did not as matter of law commit **fraud** in their marketing of plan. [3] 217 **Insurance** 217XI **Agents** and Agency 217XI(C) **Agents** for Insurers 217k1654 k. Duties and Liabilities to **Insureds** or Other Third Persons. (Formerly 217k92.1) Universal life **insurance**

**Am.Jur.2d: Fraud and Deceit**
7. Principal and Agent, Liability of Principal, Unauthorized Acts

policy sold by **insurer's agents** to employees of employer for which **agents** were setting up "cafeteria plan" was not "retirement plan," for purposes of determining whether **agents** made misrepresentations in marketing cafeteria plan, where inherent cost of **insurance** was demonstrated by schedule in one employee's policy showing that by making payments totalling $4,056 until retirement he would be guaranteed cash value of only $1,127 upon retirement. [4] 217 **Insurance** 217XI...

**Fletcher Cyclopedia**
8. Liability of Corporation for Torts
Torts for Which a Corporation May be Liable, Fraud and Deceit

☐ C **4. Progressive Cas. Ins. Co. v. Blythe,**
350 So.2d 1062, Ala.Civ.App., Oct 19, 1977

...**insured** does not sign section of **insurance** application rejecting uninsured motorist coverage, insurer is forced to pay under that portion of policy even if someone attempted to sign for applicant. [4] 308 Principal and **Agent** 308II Mutual Rights, Duties, and Liabilities 308II (A) Execution of Agency 308k79 Actions for Negligence or Wrongful Acts of **Agent** 308k79(5) k. Evidence. Principal has right to presume that representations made to him by his **agent** are true and accurate. [5] 217 **Insurance** 217XI **Agents** and Agency 217XI(C) **Agents** for Insurers 217k1643 Duties and Liabilities of **Agent** to Insurer 217k1644 k. In General. (Formerly 217k83(1)) **Insurance agent** is liable in damages for any loss sustained by company arising from **agent's** breach of duty, or by reason of any **agent's** failure to follow instructions, unless company is estopped or has waived its right to take advantage of breach of duty in particular case. [6] 217 **Insurance** 217XI...

**Am.Jur. Proof of Facts**
9. Loss by Storm Damage Under Property Insurance

**Am.Jur. Proof of Facts**
10. Insurance Agent's or Broker's Failure to Procure Insurance

See More ResultsPlus

☐ C **5. Hill v. Raney Ins. Agency of Anderson, Inc.,**
474 So.2d 738, Ala.Civ.App., Jul 03, 1985

...**INSURANCE** AGENCY OF ANDERSON, INC. Civ. 4772. July 3, 1985. Action was brought by automobile **insurance agent** to recover premiums from **insured**. The Circuit Court, Lauderdale County, J. Edward Tease, J., rendered judgment in favor of **agent**, and **insured** appealed. The Court of Civil Appeals, Edward N. Scruggs, Retired Circuit Judge, held that: (1) testimony of owner and operator of **insurance** agency was sufficient to establish that there was a contract for **insurance** between **agent** and **insured**, and trial court's findings regarding same were not clearly wrong, and (2) **insured's** statute of **frauds** ...

☐ ▷ **6. American Pioneer Life Ins. Co. v. Sandlin,**
470 So.2d 657, Ala., Apr 12, 1985

...**insurance fraud** case arising from sale of annuity, any error in instruction that statute of limitations would begin to run at any time when **insured** should have discovered **fraud**, which referred to **insurance** company whose **agent** persuaded **insured** to purchase annuity, but which did not refer to insurer which issued annuity, was harmless, since jury found in favor of **insured** on question of whether he would have discovered **fraud** prior to time his banker told him policy would not support a loan and since statute of limitations began to run

against all defendants at same time. [8] 217 **Insurance** 217XI **Agents** and Agency 217XI(C) **Agents** for Insurers 217k1632 Scope and Extent of Agency 217k1636 k. Questions of Law or Fact. (Formerly 217k76) In **insurance fraud** case arising from sale of annuity, whether **insurance agent** who pursuaded **insured** to purchase annuity issued by insurer was **agent** for insurer was question for...

---

☐ H **7. Continental Elec. Co. v. American Employers' Ins. Co.,**
518 So.2d 83, Ala., Oct 02, 1987

...**Insurance**. Issue of material fact as to whether **agent** for **insurance** company was **agent** of insurer precluded summary judgment on those of **insured's** claims which hinged on existence of agency relationship, there was evidence that **agent** could bind coverage by insurer and that **agent** was authorized to solicit and negotiate contracts on **insurer's** behalf. [7] 228 Judgment 228V On Motion or Summary Proceeding 228k181 Grounds for Summary Judgment 228k181(15) Particular Cases 228k181(23) k. **Insurance** Cases. Issue of material fact as to whether **insurance agent** was **insurer's agent** precluded summary judgment for liability insurer on **insured's** claim that **agent** had orally contracted to **insure** display samples in **insured's** trailer, and that **agent** and insurer were guilty of negligent failure to **insure** samples in trailer. [8] 217 **Insurance** 217XI **Agents** and Agency 217XI(C) **Agents** for Insurers 217k1632 Scope and Extent of Agency 217k1634 Contracts 217k1634(3) k. Soliciting **Agents**. (Formerly 217k88) **Agent** who...

---

☐ C **8. State Ins. Dept. v. Howell,**
614 So.2d 1053, Ala.Civ.App., Jun 05, 1992

...**Insurance** 217XI **Agents** and Agency 217XI(B) Licenses and Permits; Regulation in General 217k1617 Discipline 217k1620 k. Proceedings. (Formerly 217k12.3) Delay of two years in holding license revocation hearing did not violate **insurance agent's** right to due process; pendency of complaint resulted from no more than usual delays associated with fairly complex litigation and **agent's** license was not revoked during pendency of complaint, so as to disqualify him from employment. Code 1975, § 27-8-17(a); U.S.C.A. Const.Amends. 5, 14. [10] 217 **Insurance** 217XI **Agents** and Agency 217XI(B) Licenses and Permits; Regulation in General 217k1617 Discipline 217k1618 k. In General. (Formerly 217k12.3) **Insurance** Department could properly bring counts of **fraud** against **insurance agent** based on false statements in his applications for licensure to work for **insurance** companies, even though applications were withdrawn before they could be denied by Department. Code 1975, § 27-8-16(a)(2, 3). [11] 217 **Insurance** 217XI **Agents** and Agency 217XI(B) Licenses...

---

☐ H **9. Land & Associates, Inc. v. Simmons,**
562 So.2d 140, Ala., Dec 22, 1989

...**Insurance** 217XI **Agents** and Agency 217XI(C) **Agents** for Insurers 217k1637 Unauthorized or Wrongful Acts of **Agent** 217k1639 k. Negligence. (Formerly 217k93) Evidence was sufficient to support jury

verdict, under theory of respondeat superior, against insurer based on representations of **insurance agent** that coverage would be effective as soon as he received check for premium; insurer had authority to hire and fire its **agents**, to determine methods by which they were trained, to issue company training manuals, and to pay its **agents** their commissions. [2] 217 **Insurance** 217XI **Agents** and Agency 217XI(C) **Agents** for Insurers 217k1637 Unauthorized or Wrongful Acts of **Agent** 217k1639 k. Negligence. (Formerly 217k93) Evidence was insufficient to support jury verdict against **insurance** brokerage agency on basis of respondeat superior with respect to representations of **insurance agent; insurance** brokerage agency served only as geographical brokerage agency for insurer, and agency exercised no control over **insurance agent**. [3] 217...

---

### 10. Allen v. Gulf Life Ins. Co.,
617 So.2d 664, Ala., Apr 02, 1993

...**Fraud** 184II Actions 184II(D) Evidence 184k50 k. Presumptions and Burden of Proof. **Fraud** is never presumed, and party asserting **fraud** bears burden of proving each and every element thereof. [5] 184 **Fraud** 184II Actions 184II(D) Evidence 184k58 Weight and Sufficiency 184k58(1) k. In General. In order to establish prima facie case of "**fraud**," plaintiff has to establish by substantial evidence: a false misrepresentation; concerning an existing material fact; upon which she detrimentally relied; and that proximately caused damage or loss or injury. [6] 217 **Insurance** 217XI **Agents** and Agency 217XI(C) **Agents** for Insurers 217k1637 Unauthorized or Wrongful Acts of **Agent** 217k1640 k. **Fraud**. (Formerly 184k25) **Insured** failed to establish that she incurred damage or loss based on **insurance agent's** misstatements in application for hospital indemnity **insurance** that failed to list the **insured's** preexisting conditions of high blood pressure and a thyroid condition, and, thus, **insured** failed to state a claim...

---

### 11. Mitchell v. Southern Guar. Ins. Co.,
485 So.2d 1138, Ala., Feb 28, 1986

...**INSURANCE** COMPANY, Carl Murray d/b/a Murray Adjustment Service, and Chris Murray. 84-1149. Feb. 28, 1986. Suit was instituted by **insured** against insurer and **insurance** adjusters for alleged **fraud** in connection with claim on **insured** vehicle. The Circuit Court, Monroe County, Robert E. L. Key, J., entered summary judgment for insurer and adjusters, and **insured** appealed. The Supreme Court, Beatty, J., held that: (1) claim of **fraud** by **insured** against two **insurance** adjusters with respect to failure to gain full payment for repairs on **insured** vehicle was not established in absence of evidence that any representation existed between **insured** and adjusters with respect to repairs to vehicle or that **insured** relied on any representation which was made by adjusters, and (2) count alleging **fraud** against insurer raised questions of fact precluding summary judgment on issues whether insurer, through its **agent**, intended to pay **insured** under estimates when **agent** gave **insured** go...

---

### 12. Watson v. Prudential Ins. Co. of America,

399 So.2d 285, Ala., May 28, 1981

...**Fraud** 184II Actions 184II(A) Rights of Action and Defenses 184k38 k. Time to Sue and Limitations. **Fraud** action is subject to one year statute of limitations which does not begin to run until the discovery of the **fraud**. Code 1975, §§ 6-2-3, 6-2-39. [2] 217 **Insurance** 217XI **Agents** and Agency 217XI(C) **Agents** for Insurers 217k1632 Scope and Extent of Agency 217k1634 Contracts 217k1634(3) k. Soliciting **Agents**. (Formerly 217k88) Where **agent** with whom **insured** dealt was only a soliciting **agent** who had no authority to bind the insurer, **insured** had no cause of action against the insurer for breach of contract with respect to promises made by **agent**. ...

---

☐ H 13. Cincinnati Ins. Co. v. City of Talladega,
342 So.2d 331, Ala., Jan 07, 1977

...**Frauds**, Statute Of 185VIII Requisites and Sufficiency of Writing 185k114 Signature of Memorandum 185k116 By **Agent** 185k116(8) k. Sufficiency of Authority. Where **insurer's** application for license to do business in state was in writing, described the insurer as the party to be charged and evidenced local **agent's** authority to write fidelity and surety **insurance** on its behalf, performance bonds issued to city by **agent** were not void for failure to comply with statute of **frauds**, notwithstanding local **agent's** alleged violation of an alleged dollar amount limitation on his authority. Code of Ala., Tit. 20, § 3. [2] 185 **Frauds**, Statute Of 185VIII Requisites and Sufficiency of Writing 185k114 Signature of Memorandum 185k116 By **Agent** 185k116(9) k. Necessity for Disclosing Agency. Whether obligee on bonds has knowledge of writing which authorized **agent** to bind obligor is immaterial under statute of **frauds**, since statute requires only that the authorization be in writing....

---

☐ P 14. Booker v. United American Ins. Co.,
700 So.2d 1333, Ala., May 02, 1997

...**Insurance** 217XI **Agents** and Agency 217XI(C) **Agents** for Insurers 217k1626 k. Appointment or Employment. (Formerly 217k74) Health **insurer's agent** lacked express or implied authority to appoint business manager as subagent of insurer; insurer had revoked manager's authority to sell its products, fired him, and placed him on list prohibiting employment, agency agreement only permitted **agent** to recommend subagents and reserved appointment power for insurer, and insurer had no knowledge of **agent's** appointment of manager. Restatement (Second) of Agency § 34(e) comment. [3] 308 Principal and **Agent** 308II Mutual Rights, Duties, and Liabilities 308II(A) Execution of Agency 308k54 k. Delegation or Substitution. Principal is bound by acts of purported subagent only if (1) **agent** had express authority to appoint subagent; (2) **agent** had implied authority to appoint subagent; or (3) principal ratified appointment. [4] 308 Principal and **Agent** 308III Rights and Liabilities as to Third Persons 308III(A) Powers of **Agent** 308k130...

---

☐ C 15. Broadus v. Essex Ins. Co.,
621 So.2d 258, Ala., May 14, 1993

...**insurance** contract, **fraud**, and bad faith refusal to pay **insurance** claim was substantial evidence rule, where case was not pending on June 11, 1987. Rules Civ.Proc., Rules 54(b), 56; Code 1975, § 12-21-12. [2] 217 **Insurance** 217XI **Agents** and Agency 217XI(D) **Agents** for Applicants or **Insureds** 217k1655 k. In General. (Formerly 217k92.1) Independent wholesale **insurance** broker, by passing information upon request between **agent** and insurer and performing certain administrative duties in connection with policy on behalf of insurer, did not create kind of relationship with **agent** that would subject broker to liability for **agent's fraud** under doctrine of respondeat superior, where broker had no right to and did not control **agent** and **agent** acted at all times as independent **insurance agent** or broker on behalf of **insured**. [3] 217 **Insurance** 217XI **Agents** and Agency 217XI(D) **Agents** for Applicants or **Insureds** 217k1668 Duties and Liabilities to **Insureds** or Others 217k1673 k....

---

### 16. Ledbetter v. United American Ins. Co.,
624 So.2d 1371, Ala., Aug 06, 1993

...**Insurance** 217XXVIII Miscellaneous Duties and Liabilities 217k3416 Of Insurers 217k3424 k. **Fraud** or Misrepresentation. (Formerly 217k3424(1), 217k92.1) Insurer was not liable to **insured** for alleged **fraud** by its former **agent** who convinced **insured** to invest in his outside enterprises where alleged harm did not occur until **agents** stopped paying **insured** return on her investment and interest on loan she had made to him, which was after insurer had terminated his employment and after **insured's** policy with insurer lapsed. [4] 217 **Insurance** 217XXVIII Miscellaneous Duties and Liabilities 217k3416 Of Insurers 217k3417 k. In General. (Formerly 217k92.1) Insurer owed no duty of care to **insured** that would make it liable for alleged torts of its **agent** when those torts were unrelated to business of **insurance**; **agent's** failure to repay **insured's** investments in **agent's** outside enterprises was completely unrelated to and far outside the scope of the **insurance** policy, **agent** had been fired...

---

### 17. Guinn v. American Integrity Ins. Co.,
568 So.2d 760, Ala., Sep 07, 1990

...**Insurance**. **Insured's** allegations that insurers' general **agent** violated statutory prohibition against "twisting," that is, misrepresentations or incomplete comparisons to induce policyholders to exchange or convert existing policies, could be dismissed, where it differed in no material respect from her **fraud** claim. Code 1975, § 27-12-6. [6] 217 **Insurance** 217XI **Agents** and Agency 217XI(A) In General 217k1605 Agency for Insurer or **Insured** 217k1606 k. In General. (Formerly 217k73.2, 217k73.1) Insurers' general **agents** were not **agents** of **insured** while attempting to sell policies to her before contract **insurance** ...

---

### 18. Alabama Farm Bureau Mut. Cas. Ins. Co. v. Griffin,
493 So.2d 1379, Ala., Jan 17, 1986

...**fraud** accrued for **insurer's** failure to deliver promised coverage was question for jury where facts constituting alleged **fraud** were not clear on face of policy receipt and fact that receipt showed only coverage for "farm truck" was not sufficient to put **insureds** on notice that there was no physical damage coverage on horse trailer while it was attached to farm truck. [2] 217 **Insurance** 217XI **Agents** and Agency 217XI(C) **Agents** for Insurers 217k1654 k. Duties and Liabilities to **Insureds** or Other Third Persons. (Formerly 184k21) **Insureds'** reliance upon **insurance agent's** statement that horse trailer would be covered under policy was reasonable; there was evidence that **insureds** discussed with **agent** coverage which they wanted, including full coverage on horse trailer, before he gave them amount of premium, **agent** told **insureds** that they had physical damage **insurance** on horse trailer only when it was being pulled by farm truck being driven by...

---

☐ H **19. Gulf Gate Management Corp. v. St. Paul Surplus Lines Ins. Co.,**
646 So.2d 654, Ala., Aug 26, 1994

...**Insurance** 217XIII Contracts and Policies 217XIII(B) Formation 217k1729 k. In General. (Formerly 217k133(1)) 413 Workers' Compensation 413XI **Insurance** and Public Funds 413XI(D) Private **Insurance** 413k1062 k. Requisites and Sufficiency. Quote letter for liquor liability and workers' compensation **insurance** from surplus lines insurer was insufficiently complete to be **insurance** contract and could not take place of written policy; letter did not name applicant as party to be **insured** and did not state when policy would go into effect or end. [2] 217 **Insurance** 217XIII Contracts and Policies 217XIII(B) Formation 217k1742 Oral Contracts; Negotiations 217k1743 k. In General. (Formerly 217k131(1)) **Insurance** company can contract to provide **insurance** without written policy, provided that essential terms of contract are agreed upon. [3] 217 **Insurance** 217XIII Contracts and Policies 217XIII(C) Formal Requisites 217k1768 k. In General. (Formerly 217k133(1)) Essential terms of **insurance** contract are rate of premium, duration of policy, nature of risk, description of...

---

☐ ▶ **20. American Pioneer Life Ins. Co. v. Williamson,**
681 So.2d 1040, 130 Lab.Cas. P 57,990, Ala., Jun 23, 1995

...**Insurance** 217XXXI Civil Practice and Procedure 217k3578 k. Questions of Law or Fact. (Formerly 184k64(1)) **Insurance agent**, who sued insurer after insurer informed **agent** that he had forfeited all commissions because his policyholder had switched to policy of another insurer, submitted sufficient evidence of **insurer's fraud** to warrant court's submitting the **fraud** claim to jury where **agent** offered testimony that insurer entered into contract with **agent** knowing that if **agent** merely replaced **insurance** policy with policy provided by another insurer, then insurer would consider **agent** to have "induced" replacement, without any investigation by insurer, and would therefore be forced to forfeit all commissions, even if **agent** did not induce policyholder to change policies. [2] 217 **Insurance** 217XI **Agents** and Agency 217XI(C) **Agents** for Insurers 217k1650 Duties and Liabilities of Insurer to **Agent** 217k1652 Compensation 217k1652(8) k. Actions for Compensation. (Formerly 184k62) Punitive damages of $3 million, awarded to **insurance agent**...

Clear all | Clear 1-20



Copyright © 2006, Thomson West. Help

THOMSON
WEST