IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ROBERT E. HILL,                            )
and PATRICIA L. HILL,                      )
                                           )
        Plaintiffs,                        )
                                           )
vs.                                        )    Case No.  2:06-cv-218-ID
                                           )
STATE FARM FIRE AND CASUALTY               )
COMPANY, MIKE DEVERS, et al.,              )
                                           )
        Defendants.                        )

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

COME NOW Defendants State Farm Fire and Casualty Company (hereinafter "State Farm") and Mike Devers (hereinafter "Devers") and submit this Response in Opposition to Plaintiffs' Motion to Remand.  As grounds for this Response, Defendants state as follows:

## I.    DIVERSITY JURISDICTION EXISTS

This action is subject to removal on the basis of diversity of citizenship based on 28 U.S.C. § 1441 (a), based upon the fact that Plaintiffs were and are residents and citizens of the State of Alabama and Defendant State Farm is a corporation with its principal place of business in the State of Illinois.  In addition to diversity of citizenship among the real and proper parties to this cause, this Court has jurisdiction under 28 U.S.C. § 1332, and removal is proper pursuant to 28 U.S.C. § 1441, in that the jurisdictional amount is controversy has been established.

A.    <u>**Diversity Exists Between The Properly Named Parties To This Action**</u>.

Devers has been fraudulently joined in this matter and is due to be dismissed from the one count in Plaintiffs' Complaint which alleges a cause of action against him.  Plaintiffs' argument in opposition to Defendants' Notice of Removal completely misses the point and fails to address the quintessential issue upon which this removal hinges, which is whether there is any remote possibility of success on a claim against Devers.  The answer is a resounding "no."

Plaintiffs seem to confuse the issue of agency with the issue of liability.  The only allegation against Devers is that of fraud.  State Farm's liability for separate, independent torts or whether Devers was acting as an agent of State Farm is wholly irrelevant.  The sole issue is that there is no arguable basis upon which Plaintiffs can establish a fraud claim against Devers.

Alabama jurisprudence has clearly established the requisite elements for a claim of fraud. A party alleging fraud by misrepresentation must prove four elements: (1) that the defendant made a <u>false</u> <u>representation</u> concerning an existing material fact; (2) that the defendant made that misrepresentation while knowing that it was false, or made it recklessly, or made it with no knowledge as to its truth or falsity; (3) that the plaintiff reasonably relied on the misrepresentation; and (4) that the plaintiff incurred damage proximately caused by the reliance.  *Luck v. Primus Automotive Financial Services, Inc.*, 763 So.2d 243, 245-246 (Ala.2000).  However, Alabama law has further established that if the alleged representations as to coverage and payment for covered losses are in fact true, there is no false statement and there can be no misrepresentation as a matter of fact and law.  *See S & W Properties, Inc. v. American Motorist Ins.*, Co., 668 So.2d 529, 530 (Ala. 1995) (where policy provides exactly what it was represented to provide, plaintiff cannot prove "the first element of a fraud claim: a misrepresentation").  Alabama courts have

ruled that if a policy provides what it says it will provide the failure to perform in accordance with the language is not a false representation as to policy benefits. *See St. Clair Federal Savings Bank v. Rozelle*, 653 So.2d 986, 987 (Ala. 1991) (quoting *First Bank of Boaz v. Fielder*, 590 So.2d 893, 897 (Ala. 1991) and other cases (the failure to perform in accordance with the terms of a contract does not of itself support a claim of fraud; if it did, "'a mere breach of contract would be tantamount to fraud'"). *Massey Automotive, Inc. v. Norris,* 895 So.2d 215 (Ala.2004).

Plaintiffs cannot establish the first element of a fraud claim against Devers, namely a misrepresentation, as evidenced by Plaintiffs' Amended Complaint which states:

> Upon the Plaintiffs making contact with Defendant Devers so as to purchase a homeowners policy, it was represented to them by and through that agency the policy they were purchasing would cover their home in the event of, for example, hail and wind damage. After paying the first premium, the Plaintiffs received a homeowner's policy which provided coverage for these damages suffered by the Plaintiffs found herein.

(Doc. 1, Exhibit B, ¶ 33, Plaintiffs' Amended Complaint). The allegations of Plaintiffs' Amended Complaint allege that "[t]he Plaintiffs received a homeowner's policy <u>which provided coverage for these damages</u>... ." Id. at ¶ 33 (emphasis added). By Plaintiffs' own admission, the policy procured by Devers from State Farm provided the very coverage to the Plaintiffs he represented it would. Plaintiffs point to no other representations made by Devers.

Plaintiffs hinge their fraud claim on their allegation that despite the terms of the policy, State Farm has failed to adhere to it by refusing to replace Plaintiffs' roof. They contend that "this [refusal] is in direct contradiction with the representations made to the Plaintiffs which thus induced them to purchase the policy." Id.

Devers is an independent agent for State Farm. His job entails the procurement of insurance policies for his customers. He does not handle the valuation or acceptance of claims. This is handled by a completely different department within State Farm. Devers has no authority when it comes to paying a customer for their insurance claim. He represented to the Plaintiffs that he would secure a policy for them which covered hail and wind damage to their home. By Plaintiffs' own admission, Devers procured that very policy. With no misrepresentation by Devers, there can be no fraud. Plaintiffs confuse the law and attempt to piece together statements made by Devers and actions taken by State Farm in a meager attempt to establish a cause of action against Devers, thereby defeating diversity. There is no arguable basis upon which to sustain a claim against Devers and it is readily apparent that Devers has been fraudulently joined to this action solely to defeat diversity. State Farm is the only proper Defendant to this action because it, not Devers, denied the claim. Diversity exists between State Farm and the Plaintiffs, thereby establishing jurisdiction in this Court.

**B.     Based Upon Plaintiffs' Concessions, The Jurisdictional Amount Has Been Established.**

Plaintiffs make an elaborate, yet pointless argument with regard to whether Defendants have properly established that the amount in controversy exceeds the $75,000 jurisdictional requirement. Although this burden is typically placed on the removing party, such becomes unnecessary when the Plaintiffs concede to the fact, as it has been long established by Alabama law that a fact which is admitted in a pleading need not be proven by another party. *City of Dothan v. Eighty Four-West, Inc.*, 738 So.2d 903 (Ala.Civ.App. 1999) *citing Kennamore v. State*, 686 So.2d 295, 296 (Ala.Civ.App. 1996).

4

Plaintiffs' Motion to Remand states "[i]t is clear the Plaintiffs allege an amount in controversy in excess of $75,000." (Doc. 5, ¶ 8, Motion to Remand). Essentially, Plaintiffs argue that, while they may have pled the requisite amount in controversy, the Defendants still need to prove it. By their own admission, Plaintiffs have established that the jurisdictional amount has been met, thereby rendering removal proper. Due to Plaintiffs' admission, the arguments set forth in ¶¶ 7, 8, 9, 10 and 14 of Plaintiffs' Motion to Remand are moot rendering response by Defendants unnecessary.

Since diversity exists between the only two properly named parties and the amount in controversy has been established via stipulation, jurisdiction in this Court is proper pursuant 28 U.S.C. § 1332 and Plaintiffs' Motion to Remand is due to be denied.

## II.    DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS IN THEIR TIMELY AND PROPERLY FILED NOTICE OF REMOVAL.

### A.    Defendants Notice Of Removal Was Timely Filed.

Defendants' Notice of Removal was filed with this Court within 30 days of service of process of the Amended Complaint and within one year of the filing of the original Complaint. The Amended Complaint was filed by Plaintiffs pursuant to Court Order for a more definite statement against Devers. 28 U.S.C. §1446(b) which governs removal actions states:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

5

28 U.S.C. §1446(b). Defendants were unable to form a good faith belief as to whether this action was removable prior to receiving Plaintiffs' Amended Complaint because Plaintiffs' Complaint provided no notice as to the basis for Plaintiffs' allegations of fraud against Devers. It wasn't until receipt of the Amended Complaint that Defendants were able to ascertain that there was, in fact, no basis for the fraud claim against Devers. This was the first indica that Devers has been fraudulently joined and is due to be dismissed from the one remaining count against him. As such, Defendants' Notice of Removal was filed within one year of the commencement of this action and within 30 days of the first notice that this action was in fact removable.

**B.** **Defendants Filed A Joint Notice Of Removal Negating The Issue Of Consent.**

Plaintiffs argue that Defendants have failed to follow proper procedure in noticing this removal due to the fact that the Notice of Removal was not accompanied by written consent to removal by both Defendants. However, Plaintiffs obviously do not understand the procedural requirements set forth by 28 U.S.C. § 1446 (a) as evidenced by their Motion to Remand.

Plaintiffs mislead the Court by citing to *Miles v. Kilgore,* 928 F.Supp. 1071 (N.D. Ala. 1996), for the proposition that all defendants must file a separate written document evidencing either joinder in or consent to the removal. However, what Plaintiffs fail to acknowledge is that the case they cite involved several defendants who were represented my multiple attorneys of record. Furthermore, what *Miles* states, contrary to Plaintiffs' assertion, is that "in a civil action where there are several served defendants the mere bald, unsupported assertion in a notice of removal by one removing defendant that all other defendants consent to the removal fails to constitute sufficient consent to removal." *Id.* at 1077. It is important to note the attorney for the removing party in *Miles* was not the attorney for the parties whose consent he claimed to have

6

received orally. Additionally, with regard to the parties whose consent was allegedly granted orally, those four were all represented by the same counsel. The court specifically noted that the consent would have been sufficient had that one attorney merely signed one formal declaration of same on behalf of all of his clients. *Id.* The issue in that case was whether oral consent was sufficient, not whether each party had to evidence their consent independently. As such, the quotes Plaintiffs have plucked from the opinion and taken out of context in support of their Motion to Remand do not carry the weight Plaintiffs would seem to suggest.

In the instant matter, Defendants State Farm and Devers are represented by the same counsel and filed a joint Notice of Removal. Since both Defendants joined in the removal, it is completely unnecessary for each of them to have filed an independent consent to their own motion. Furthermore, this is established in the very opinion which Plaintiffs cited: "Although all defendants must join in the removal, the rule of unanimity does not require all defendants sign the same notice or removal. Rather 28 U.S.C. § 1446 (a) requires that each defendant file a notice of removal, either independently or by **unambiguously joining** in or consenting to another defendant's notice." *Miles,* 928 F.Supp. 1071 at 1076 (emphasis added).

There is nothing more unambiguous than the fact that Defendants' Notice of Removal states "COME NOW Defendants State Farm Fire and Casualty Company (hereinafter "State Farm") **and** Mike Devers (hereinafter "Devers") and give notice of removal… ." Furthermore, every assertion references defendants in the plural and the notice is signed by one attorney for both the Defendants State Farm Fire and Casualty Company **and** Mike Devers." (Emphasis added).

## CONCLUSION

Plaintiffs' Motion to Remand is due to be denied, as even a cursory review establishes that the arguments contained therein are without merit or legal support and clearly misapply the legal principals and procedural rules upon which it is based.  Jurisdiction is proper  in this Court as the two-prong test has been established based upon the existence of diversity between the Plaintiffs and the only properly named Defendant and the fact that Plaintiffs actually concede that the amount in controversy exceeds the $75,000 jurisdictional requirement.

**RESPECTFULLY SUBMITTED**, this the 24th day of April, 2006.


 /s/ **Micheal S. Jackson**
**MICHEAL S. JACKSON [JACKM8173]**
**MICHAEL B. BEERS [BEE006]**
Attorneys for Defendants State Farm Fire and Casualty Company and Mike Devers

**OF COUNSEL:**

BEERS, ANDERSON, JACKSON,
    PATTY & VAN HEEST, P.C.
P. O. Box 1988
Montgomery, Alabama  36102-1988
(334) 834-5311
(334) 834-5362 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND has been served upon all parties to this action by depositing a copy of same in the U.S. Mail, postage prepaid, addressed as follows:

Clifford W. Cleveland, II, Esq.
CLEVELAND & COLLEY, P.C.
Post Office Box 680689
Prattville, Alabama 36068

on this the 24th day of April, 2006.

/s/ Micheal S. Jackson
**OF COUNSEL**