IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBERT E. HILL, et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| v. | ) |
| | ) CIVIL ACTION NO. 2:06cv218-ID |
| STATE FARM FIRE AND CASUALTY | )             (WO) |
| CO., et al., | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

Before the court is Plaintiffs' motion to remand. (Doc. No. 5.) Defendants State Farm Fire and Casualty Company and Mike Devers, as the removing Defendants, filed a response in opposition to Plaintiffs' motion to remand. (Doc. No. 7.) Construing the facts in the light most favorable to Plaintiffs and having carefully considered the arguments of counsel, the submissions of the parties, and the relevant law, the court finds that Plaintiffs' motion to remand is due to be granted.[1]

In this lawsuit which stems in part from alleged fraud in connection with the sale of an insurance policy, Plaintiffs contend that complete diversity of citizenship does not

---

[1] The party removing an action to federal court has the burden to establish federal jurisdiction. Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996). Removal statutes must be strictly construed because of the significant federalism concerns raised by removal jurisdiction. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Seroyer v. Pfizer, Inc., 991 F. Supp. 1308, 1312 (M.D. Ala. 1997). "All doubts [and uncertainties] about federal court jurisdiction must be resolved in favor of a remand to state court." Seroyer, 991 F. Supp. at 1312 (citing Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994)). In determining the propriety of removal, the court evaluates the factual allegations and controlling law in the light most favorable to the plaintiff. Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989).

exist because one of the defendants, Devers, shares the same citizenship as Plaintiffs. Plaintiffs, thus, assert that removal of this case from circuit court on the basis of diversity jurisdiction was not proper. See 28 U.S.C. §§ 1332(a)(1), 1441. Defendants, however, argue that Devers has been fraudulently joined to defeat removal. For the reasons to follow, the court disagrees with Defendants.

The court concludes that Defendants have not met their "heavy" burden of proving that the joinder of Devers is fraudulent, Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997), and that a possibility exists, however slight, that Plaintiffs can recover on their fraud claim against Devers. See Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998) ("The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate.") (emphasis in original); Crowe, 113 F.3d at 1542 (to demonstrate an arguable claim, there only must exist "'a reasonable basis for predicting that the state law might impose liability on the facts involved'"). In Raybon v. American Fidelity Assurance Co., this court rejected the very arguments which Defendants now assert, and it does so again for the same reasons. 2005 WL 2002064, *7-*9 (M.D. Ala. 2005) (DeMent, J.). Moreover, the court finds that the opinion relied upon by Defendants is distinguishable because in that opinion the Supreme Court of Alabama held that the insurance contract performed consistent with its terms and as represented. (See Doc. No. 7 at 2, citing S & W Properties, Inc. v. Am. Motorist Ins. Co.,

668 So.2d 529 (Ala. 1995).) The court, therefore, finds that complete diversity is absent because Plaintiffs and Devers are citizens of Alabama.

Accordingly, it is CONSIDERED and ORDERED that Plaintiffs' motion to remand be and the same is hereby GRANTED, and that this action be and the same is hereby REMANDED to the Circuit Court of Montgomery County, Alabama, pursuant to 28 U.S.C. § 1447(c).

The Clerk of Court is DIRECTED to take all steps necessary to effectuate said remand.

DONE this 1st day of June, 2006.

/s/ Ira DeMent
SENIOR UNITED STATES DISTRICT JUDGE